Punngarm CHOOKHAE, Petitioner,

v.

IMMIGRATION AND NATURALIZA-TION SERVICE, Respondent.

No. 84–7198.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 29, 1984 *.

Decided Feb. 5, 1985.

Ken G. Kambara, Sam T. Ingudomnukul, Los Angeles, Cal., for petitioner.

* This panel unanimously agrees that this case is appropriate for submission without oral argument.

Robert C. Bonner, U.S. Atty., Frederick M. Brosio, Jr., Dzintra I. Janavs, Chief Asst. U.S. Attys., Los Angeles, Cal., for respondent.

Before SCHROEDER, FERGUSON and NELSON, Circuit Judges.

PER CURIAM:

Punngarm Chookhae petitions for review of a decision of the Board of Immigration Appeals (BIA) denying her application for suspension of deportation. Chookhae challenges the decision of the BIA that her deportation would not cause extreme hardship to her or her two children. In addition to questioning the BIA's ultimate conclusion regarding her hardship status, Mrs. Chookhae also argues that the BIA abused its discretion by failing to consider all relevant factors relating to the hardship question and by relying on a five-year-old record to make its determination. The Immigration and Naturalization Service vigorously opposes all three of Mrs. Chookhae's contentions. We find that we need not, and indeed cannot, reach any conclusion on the BIA's hardship finding because of the failure of the BIA to conduct an inquiry in accordance with the prior mandate of this court. As a result, we once again reverse and remand this case for such an inquiry.

The petitioner, Punngarm Chookhae, is a Thailand citizen who entered the United States in November of 1969 as a nonimmigrant visa student. The petitioner's husband, also a citizen of Thailand, had previously entered the United States as a nonimmigrant student. The petitioner remained in the United States after the expiration of her one-year visa period. After her arrival in the United States, the petitioner gave birth to two children, one born in 1971 and one in 1977, which she and her husband have raised in the United States. On October 19, 1975, the Immigration and Naturalization Service (INS) initiated deportation proceedings against the petitioner.

Mrs. Chookhae conceded her deportability in 1977 and applied for suspension of the deportation proceedings pursuant to 8 U.S.C. § 1254(a)(1). Her application was denied by an immigration judge in 1979 and the Board of Immigration Appeals (BIA) subsequently affirmed the denial of her suspension application. The immigration judge found that Mrs. Chookhae met two of the three criteria for suspension of deportation but she did not meet the third requirement of showing "extreme hardship to the alien or to his spouse, parent, or child, who is a citizen of the United States." 8 U.S.C. § 1254(a)(1). In 1982, some five years after the deportation proceedings commenced, this court reversed the decision of the BIA on the ground that the BIA failed to consider Mrs. Chookhae's well supported claim of hardship to her two children. *Chookhae v. Immigration & Naturalization Service,* 685 F.2d 441 (memorandum) (9th Cir.1982).

As characterized by the BIA in its subsequent decision, "[t]he Ninth Circuit granted the respondent's petition, holding that the Board had abused its discretion in failing to consider all the factors which bear on hardship, and remanded the case to the Board for a de novo consideration of these factors." Excerpt of Administrative Record (EAR) 2. Despite the BIA's rather broad interpretation of this court's prior mandate to conduct an inquiry into "all the factors which bear on hardship," the BIA did not conduct any further administrative hearings and simply reaffirmed its finding of no extreme hardship based on the administrative record begun back in 1977 and completed in 1979. The petitioner objects to the resolution of her hardship claim based on a five-year-old record.

As the Supreme Court has recognized, the words "extreme hardship" "are not self-explanatory, and reasonable men could easily differ as to their construction." *INS v. Wang,* 450 U.S. 139, 144, 101 S.Ct. 1027, 1031, 67 L.Ed.2d 123 (1981). And, this court has noted, "[b]ecause hardship depends on specific circumstances discretion can be properly exercised only if the circumstances are actually considered." *San-*

**1352**

*tana-Figueroa v. INS*, 644 F.2d 1354, 1357 (9th Cir.1981) (citation omitted). Without question, the appropriate exercise of the Attorney General's discretion to suspend deportation is predicated on a properly focused factual inquiry into the hardships claimed by the petitioner. This obligation of the BIA is most compelling where a reviewing court has identified a failure on the part of the BIA to consider relevant factual material.

In this court's previous remand we identified five factors specific to one of Mrs. Chookhae's children that required a detailed factual evaluation by the BIA. These factors which necessitated a reconsideration of Mrs. Chookhae's petition were gleaned from the record as it existed in 1977 when the eldest child was seven years old. Although this court did not specifically mention the factual considerations relevant to the younger child, the mandate plainly included a full reconsideration of "Chookhae's claim of hardship to the children." *Chookhae v. INS*, at 3, memorandum (9th Cir. July 26, 1982). On remand, for some unexplained reason, the BIA refused to consider the hardship to the younger child, "now six years old," EAR at 4, even though the younger child presumably shared in many of the possible hardship factors that we had identified with respect to the older child in our remand order.

We are inclined to believe that the BIA's failure to comply with our remand order does not stem from any reluctance to adhere to the plain wording of our prior mandate. Instead, we prefer to characterize the subsequent proceedings before the BIA as the result of confusion regarding the import of our admittedly terse remand order. As we interpret the 1982 remand of Mrs. Chookhae's petition to the BIA, this court remanded for a subsequent inquiry into the weight and significance of the identified factors, "among other things," with respect to both children of Mrs. Chookhae. Moreover, this inquiry should have a scope that is of more than historical interest to Mrs. Chookhae, her children, the INS, and this court regarding the current, respective hardship that the imminent deportation of Mrs. Chookhae would cause. If this was not abundantly clear from the prior remand order by this court, it should be so now.

Accordingly, because the BIA failed to evaluate these factors in a manner consistent with the mandate of the prior decision of this court, we must reverse and remand the BIA's decision in order to allow the INS the opportunity to consider the current hardship to the citizen children of the petitioner that would result from her deportation. Consequently, we grant the petition and reverse and remand.

As there has been no motion to reopen made by the petitioner at this stage in the case, we need not, as the INS suggests, speculate on the likely outcome of any such motion.

REVERSED AND REMANDED.