**Elodia FIGUEROA–RINCON, Petitioner,**

**v.**

**IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.**

**No. 84–7269.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 5, 1985.

Decided April 26, 1985.

Manuel Monguia, Escondido, Cal., for petitioner.

Richard K. Willard, Dawn MacPhee, James A. Hunolt, Washington, D.C., for respondent.

Before PREGERSON and REINHARDT, Circuit Judges, and ORRICK,* District Judge.

PREGERSON, Circuit Judge:

Elodia Figueroa-Rincon petitions for review of a decision of the Board of Immigration Appeals (BIA) entered on March 1, 1984, after a remand from this court. Upon remand, the BIA reaffirmed its earlier denial of Figueroa-Rincon's application for suspension of deportation on the ground that she failed to establish extreme hardship.[1] Because the BIA did not properly comply with our mandate, we again vacate the order of deportation and remand the matter for further proceedings. *See*

---

* The Honorable William H. Orrick, Jr., United States District Judge for the Northern District of California, sitting by designation.

1. To qualify for suspension of deportation under 8 U.S.C. § 1254(a)(1) the alien must establish (1) continual physical presence in the United States for a period of at least seven years immediately preceeding the date of application, (2) good moral character, and (3) extreme hardship to himself or herself, or to a spouse, parent, or child who is a citizen or permanent resident of the United States.

*Chookhae v. INS*, 756 F.2d 1350 (9th Cir. 1985) (per curiam).

This matter was initially before us on a petition for review of the BIA's order of July 29, 1981. *Figueroa-Rincon v. INS*, 698 F.2d 1229 (Memorandum) (9th Cir. 1982). At that time, we found that the BIA had failed to consider fully all relevant factors bearing upon Figueroa-Rincon's claim of extreme hardship. Accordingly, we remanded the matter to the BIA to consider, among other factors, those of "emotional and psychological hardship complicated by age." Citing our previous decisions in *Prapavat v. INS*, 662 F.2d 561 (9th Cir.1982), *Mejia-Carrillo v. INS*, 656 F.2d 520 (9th Cir.1981), and *Santana-Figueroa v. INS*, 644 F.2d 1354 (9th Cir.1981), we emphasized that any subsequent decision by the BIA should reflect a specific individualized evaluation of Figueroa-Rincon's particular circumstances.

Upon remand, in attempting to comply with our mandate, the BIA looked only to a stale record—one which was several years old—to evaluate the particulars of Figueroa-Rincon's situation. No inquiry into Figueroa-Rincon's present circumstances was made. The BIA should have considered the current hardship that Figueroa-Rincon would suffer if deported. *See Chookhae*, at 1351. Thus, the BIA should have remanded the case to the immigration judge for a hearing to adduce the current facts pertinent to the issue of extreme hardship. *Id.*

In light of the BIA's failure to consider fully all of the facts germane to Figueroa-Rincon's claim of extreme hardship, we again remand this case to afford the BIA another opportunity to comply with our mandate. Upon remand, the BIA must consider the current hardship that would befall Figueroa-Rincon if she were to be deported. In any subsequent decision in this case, the BIA must articulate specific, detailed reasons demonstrating that it fully considered Figueroa-Rincon's individualized circumstances relevant to extreme hardship. *See Chookhae*, at 1351; *Prapavat*, 662 F.2d at 562–63, *Mejia-Carrillo v. INS*,

656 F.2d at 522. Furthermore, the factors germane to the determination of extreme hardship are not to be considered in isolation. *Prapavat*, 662 F.2d at 562–63. They are to be evaluated cumulatively. *Id.*

VACATED and REMANDED.