Reymundo **JARA–NAVARRETE** and
Anna Simentol De Jara,
Petitioners,

v.

**IMMIGRATION AND NATURALIZA-
TION SERVICE,** Respondent.

No. 85–7371.

United States Court of Appeals,
Ninth Circuit.

Submitted May 30, 1986.*

Decided Oct. 3, 1986.

Dan P. Danilov, Seattle, Wash., for peti-
tioners.

David V. Bernal, Office of Immigration
Litigation, Civil Div., U.S. Dept. of Justice,
Washington, D.C., for respondent.

Before SCHROEDER, FERGUSON, and
NELSON, Circuit Judges.

FERGUSON, Circuit Judge:

Reymundo Jara-Navarrete petitions for
review of the Board of Immigration Ap-
peals (BIA) decision entered on June 5,
1985, after a remand from this court. On
remand, the BIA reaffirmed its denial of
Jara-Navarrete's application for suspension
of deportation, finding no extreme hard-
ship. Because the BIA failed to reexamine
the case properly, we again vacate the or-
der of deportation and remand the matter
for further proceedings. *See Figueroa-
Rincon v. INS,* 770 F.2d 766, 767 (9th Cir.
1985) (vacating and remanding BIA deci-
sion for the second time); *Chookhae v.
INS,* 756 F.2d 1350, 1351 (9th Cir.1985)
(same).

I.

This matter was initially before us on a
petition for review of the BIA's April 11,
1984 decision denying Jara-Navarrete's ap-
plication for suspension of deportation.
*Jara-Navarrete v. INS,* 753 F.2d 1082 (9th

---

* This panel unanimously agrees that this case is
appropriate for submission without oral argu-

ment.   Fed.R.App.P. 34(a); 9th Cir. R. 3(f).

Cir.1985) (mem.). Jara-Navarrete entered the United States without inspection in 1974. His wife, Anna de Jara, did so in 1976. Three of their four children are United States citizens. The fourth child is a citizen of Mexico. Jara-Navarrete conceded deportability at his deportation hearing, but applied for suspension of deportation and presented evidence of the hardships he and his family would face if deported. The immigration judge denied the application. Jara-Navarrete appealed. The BIA affirmed, and granted voluntary departure to him and de Jara.

In our review of the April 11, 1984 BIA decision, we found that the BIA failed to consider fully all relevant factors of Jara-Navarrete's claim of extreme hardship caused by deportation to ·Mexico. Accordingly, we remanded the matter to the BIA.[1]

On remand the BIA analyzed the hardship in greater detail, but used the same "meager record," E.R. at 30, and only superficially discussed several of the factors. These included Jara-Navarrete's family ties in the United States ("He has not claimed any particularly close attachment to his sisters in the United States.") and his position in the community ("He has not shown that he has any unusual community ties in the United States."). The most important, however, was the BIA's single-sentence determination that petitioner's United States citizen children will face no extreme hardships from deportation. At the time of the deportation hearing in 1982, the ages of the three children were three years, one year, and less than one year. At the time of the BIA's second review in early 1985, these children were six, four, and three years old. The 1985 decision did not discuss whether the hardships increased as the children grew older. Rather, the decision made some statements about children generally, and then stated that "[t]hese 3 children are still very young and they should be able to adapt successfully to Mexico." E.R. at 30. We hold that such cursory and generalized

analysis of these factors was an abuse of discretion, and again reverse.

## II.

To qualify for suspension of deportation under 8 U.S.C. § 1254(a)(1) the alien must establish (1) continuous physical presence in the United States for a period of at least seven years immediately preceding the date of application, (2) good moral character, and (3) extreme hardship to himself or herself, or to a spouse, parent, or child who is a citizen or permanent resident of the United States. The immigration judge found that Jara-Navarrete met the first two requirements, but did not demonstrate extreme hardship.

■ We recognize that we must give great deference to administrative agency findings. Our review of BIA determinations about extreme hardship is limited to whether the BIA abused its discretion. *INS v. Wang*, 450 U.S. 139, 144, 101 S.Ct. 1027, 1031, 67 L.Ed.2d 123 (1981) (definition of "extreme hardship" established by BIA, not reviewing court).

However, we do not defer to an administrative agency's determinations if the agency has abused its discretion:

[o]ur recognition of Congress' need to vest administrative agencies with ample power to assist in the difficult task of governing a vast and complex ·industrial Nation carries with it the correlative responsibility of the agency to explain the rationale and factual basis for its decision, even though we show respect for the agency's judgment in both.

*Bowen v. American Hospital Association*, — U.S. —, 106 S.Ct. 2101, 2113, 90 L.Ed.2d 584 (1986); *see also Jackson v. Donovan*, 758 F.2d 1313, 1314 (9th Cir. 1984) ("Although the substantial evidence standard of review is relatively deferential to the agency factfinder, our review still must be 'searching and careful, subjecting

---

1. These factors included (1) the petitioner's family ties to the United States; (2) the length of his residence in the United States; (3) his health and immigration history; and (4) his position in the community.

the agency's decision to close judicial scrutiny.' ").

"Failure to consider all relevant facts bearing upon extreme hardship or to articulate the reasons for denying suspension of deportation constitutes an abuse of discretion." *Roe v. INS*, 771 F.2d 1328, 1333 (9th Cir.1985) (citing *Zavala-Bonilla v. INS*, 730 F.2d 562, 568 (9th Cir.1984)). The BIA's responsibility in evaluating hardship has been well-established:

> [T]his court has noted, "[b]ecause hardship depends on specific circumstances discretion can be properly exercised only if the circumstances are actually considered." *Santana-Figueroa v. INS*, 644 F.2d 1354, 1357 (9th Cir.1981) (citation omitted). Without question, the appropriate exercise of the Attorney General's discretion to suspend deportation is predicated on a properly focused factual inquiry into the hardships claimed by the petitioner. This obligation of the BIA is most compelling where a reviewing court has identified a failure on the part of the BIA to consider relevant factual material.

*Chookhae*, 756 F.2d at 1351–52. We now turn to whether the BIA's evaluations of community and family ties and hardship to the United States citizen children constituted an abuse of discretion.

### III.

■ In reviewing BIA decisions involving hardship to United States citizen children, the use of an outdated record, generalized rather than individualized consideration, and cursory treatment of individual circumstances constitutes an abuse of discretion. Thus, we have not hesitated to vacate denials of applications for suspension of deportation when the BIA abuses its discretion in examining hardship to United States citizen children. In *Chookhae*, 756 F.2d at 1352, we reversed the BIA when, on remand, it used a five-year old record to evaluate the hardship to petitioner and her two United States citizen children. In *De La Luz v. INS*, 713 F.2d 545 (9th Cir.1983), we found that the BIA abused its discretion by not examining the individual hardships to the petitioner's United States citizen children. In *Prapavat v. INS*, 662 F.2d 561, 562 (9th Cir.1981), we held that the BIA's cursory review of a United States citizen child's medical problems did not "discharge the Board's duty" of considering carefully all relevant factors.

Other circuits are also vigilant in ensuring that the BIA gives careful and individualized consideration to United States citizen children. In *Ramos v. INS*, 695 F.2d 181 (5th Cir.1983), the petitioners had two United States citizen children aged seven and nine at the time of the deportation hearing. The court held that the BIA had not sufficiently examined how a child of grammar school age might suffer from being uprooted from his life in the United States, and remanded for further careful, individualized consideration of the children's hardship. The court quoted extensively from a psychiatric report prepared for one of the children:

> "[his] speech, choice of toys, knowledge, and interest were typical of American boys.... [His] choice of toys and drawings were typical of American children.... He would be particularly vulnerable to a move at this age because he is just now developing relationships outside the home.... Once a child has adopted the culture of a country he is subject to rejection by peers if he is forced to readjust to the new culture. The child at age six and onward is particularly vulnerable to this."

*Id.* at 183–84 n. 5.

The First Circuit vacated and remanded as abuse of discretion a BIA decision that stated merely that the petitioner's United States permanent resident children, aged seven through twelve, should have no trouble readjusting to life in the Dominican Republic because they had lived in the United States only four years. *Luna v. INS*, 709 F.2d 126, 128–29 (1st Cir.1983). In *Okoroha v. INS*, 715 F.2d 380, 384–85 (8th Cir.1983), the court remanded, holding that the BIA was required to "carefully

review and evaluate" the petitioner's hardship claims, including hardship to his four-year old United States citizen daughter.

Conversely, we have upheld the BIA's finding of no extreme hardship to United States citizen children from deportation when the BIA has carefully and individually considered the potential hardships. In *Ramirez-Durazo v. INS*, 794 F.2d 491 (9th Cir.1986), we upheld a BIA decision that provided specific findings, such as that the children spoke Spanish, which might mitigate some of the hardship of being deported to a Spanish-speaking country. In *Roe v. INS*, 771 F.2d 1328, 1333 (9th Cir.1985), we found no abuse of discretion in the BIA's rejection of petitioner's argument that his deportation would cause extreme hardship to his United States citizen child because the "record reflect[ed] that the BIA gave serious consideration" to petitioner's claims. In *Villena v. INS*, 622 F.2d 1352, 1358 (9th Cir.1980), we upheld a BIA decision that considered a psychologist's findings that the two-year old child in that case could live as happily in the Philippines as in the United States after a transition period. In *Banks v. INS*, 594 F.2d 760, 762 (9th Cir.1979), we upheld a BIA determination of no extreme hardship to a United States citizen child when the BIA considered such individualized factors as the child's hearing problems.

■ When we apply these standards to the BIA's solitary sentence—"[t]hese 3 children are still very young and they should be able to adapt successfully to Mexico"—it is apparent that this cursory treatment constitutes an abuse of discretion. Although the BIA found it appropriate to consider briefly the fact that the children may suffer more hardship than when they were younger, it failed to apply the required individualized consideration.

Individualized consideration of current hardships are important for many hardship factors, particularly for children. As the cases and the BIA decisions indicate, young children may suffer fewer hardships than older, school-age children. A child younger than three might be able to adapt to a completely different lifestyle and culture with only minimal hardship. *See Villena*, 622 F.2d at 1358 (two-year old child). However, that child is presumably very different at the age of seven. She will have attended American schools for at least two or three years; learned to read and speak English; been exposed, through school, television, and newspapers, to American culture; and begun to think, dress, and act more American than a three-year old. Such a child cannot be presumed to be "still very young" for purposes of determining whether she will suffer extreme hardship.

To assert, without inquiring or allowing the petitioner to present current information, that the children are "still very young" and would suffer no hardship is an abdication of the BIA's responsibility to make individualized evaluation of the petitioner's, and his children's, circumstances.[2]

## IV.

Two other factors to which the BIA gave cursory treatment were the ties to the community and the ties to family in the United States. On remand, the BIA should consider any subsequent information about these factors that Jara-Navarrete raises.

## V.

Therefore, we again remand to allow the petitioner to raise "circumstances arising subsequent to the original deportation hearing."[3] *See Figueroa-Rincon v. INS*, 770 F.2d 766, 767 (9th Cir.1985).

REVERSED AND REMANDED.

---

**2.** The government argues, without merit, that the BIA need not examine current circumstances on remand. The BIA correctly referred to subsequent circumstances, but abused its discretion by doing so without inquiring into the individual circumstances of each child.

**3.** Jara-Navarrete also argues that remand is appropriate because de Jara and their noncitizen child, who also entered the country without inspection, may now be eligible to apply for suspension of deportation. In *Sida v. INS*, 783 F.2d 947, 950 (9th Cir.1986), we noted that *INS v. Rios-Pineda*, 471 U.S. 444, 105 S.Ct. 2098, 85

L.Ed.2d 452 (1985), "suggests that, under certain circumstances, time accrued on appeal can count toward establishing the seven years" continuous presence requirement, *Sida,* 783 F.2d at 949–50. The factual determination of whether de Jara and the noncitizen child have been continuously present in the United States for seven years, required by 8 U.S.C. § 1254(a)(1), "is for the BIA to determine in the first instance.... The appropriate procedure would be for [de Jara and the child] to ' "follow the INS regulations" ' " in presenting their claims to the BIA. *Sida,* 783 F.2d at 950 (citing *INS v. Phinpathya,* 464 U.S. 183, 188 n. 6, 104 S.Ct. 584, 588 n. 6, 78 L.Ed.2d 401 (1984); *Alvarez-Ruiz v. INS,* 749 F.2d 1314, 1316 (9th Cir.1984) ). On remand, therefore, the BIA should allow de Jara and the child to follow appropriate INS regulations in presenting their claim.