Jose ALVAREZ–MADRIGAL, Dolores Madrigal de Alvarez, and Uriel Alvarez-Madrigal, Petitioners,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 85–7533.

United States Court of Appeals, Ninth Circuit.

Jan. 20, 1987.

Dan P. Danilov, Seattle, Wash., for petitioners.

Linda Wendtland, Dept. of Justice, Washington, D.C., for respondent.

Before WRIGHT, FARRIS and BEEZER, Circuit Judges.

BEEZER, Circuit Judge:

Jose Alvarez-Madrigal, his wife Dolores Madrigal de Alvarez and his son Uriel Alvarez-Madrigal (petitioners) seek review of a Board of Immigration Appeals (BIA) decision denying their application for suspension of deportation. We have jurisdiction pursuant to section 106 of the Immigration and Nationality Act, 8 U.S.C. § 1105a(a), and we deny the petition for review.

Petitioners are ·natives and citizens of Mexico who entered this country without inspection in 1974. The Immigration and Naturalization Service (INS) commenced deportation proceedings in 1981. Petitioners conceded deportability at the deportation hearing, but applied for suspension of deportation pursuant to section 244(a)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1254(a)(1). The Immigration Judge denied the application and allowed petitioners thirty days for voluntary departure. The BIA affirmed.

We granted review and reversed the BIA on the ground that it had abused its discretion by failing to show that it had considered all the petitioners' claims in support of their application for suspension, 746 F.2d 1484. In particular, the BIA had not mentioned the petitioners' claims of hardship due to separation from relatives and the potential hardship to a United States citizen child, the youngest member of the family. In our order remanding the case to the BIA, we said: "While the Board need not set forth its reasons for finding that a factor does not support the suspension of deportation ... it must at least show that it has considered the factor."

After reconsideration, the BIA again denied the petitioners' application for suspension and again allowed thirty days for voluntary departure. Petitioners timely filed for review.

To qualify for suspension of deportation, an alien must establish (1) continuous physical presence in the United States for seven years, (2) good moral character, and (3) extreme hardship to himself or to his spouse, child or parent.[1] The BIA based its denial of suspension solely on the third requirement. Our review is very deferential:

> Section 244(a)(1) grants to the BIA the discretion to construe "extreme hardship" narrowly as long as it considers all factors relevant to the hardship determination and states its reasons for denying the requested relief. We review the BIA's finding of no "extreme hardship" for an abuse of discretion. (Citations omitted.)

*Ramirez-Durazo v. INS,* 794 F.2d 491, 498 (9th Cir.1986).

Petitioners argue that the BIA abused its discretion by failing to consider certain relevant facts on remand, just as it failed before. After reviewing the BIA's decision we disagree. The decision is not perfect, certainly. For example, the BIA said (erroneously): "The only issue before us is whether the adult male respondent [Jose Alvarez-Madrigal] meets the extreme hardship requirement." But this error was later corrected when the BIA considered the allegations of hardship to the United States citizen child. Despite its errors, the BIA has satisfied the language of our remand order to "show that it has considered" all the petitioners' claims. A discussion of the petitioners' arguments on appeal will make this clearer.

■ First, petitioners argue that the BIA failed to consider their claims of hardship based on separation from members of their extended family. The BIA did say "We cannot take into account the possibility of separation from these family members." But this pronouncement, like the one quoted above, appears to misdescribe what the BIA actually did. In fact, it did consider the hardship of separation from family, noting that Jose Alvarez-Madrigal "claims that he would suffer extreme hardship because of ... separation from his father and his siblings who are in the Unit-

---

**1.** Extreme hardship to a spouse, child or parent is grounds for suspension only if that relative is a citizen or permanent resident of this country. 8 U.S.C. § 1254(a)(1).

ed States." Moreover, the BIA explained why it rejected this claim of hardship:

> We will not assume that his family members will remain here indefinitely in an illegal status, although that might be their intention. It may well be that if the respondent is allowed to remain in the United States, he will be separated from his family members who cannot remain here. Also, it would be contrary to the policy of the immigration laws to allow an alien to obtain an advantage through the presence of relatives illegally in the United States.

The application of the "extreme hardship" requirement is committed to the BIA and will not be overturned simply because we might prefer another interpretation of the statute. *INS v. Jong Ha Wang*, 450 U.S. 139, 144, 101 S.Ct. 1027, 1031, 67 L.Ed.2d 123 (1981). We hold that the BIA gave sufficient consideration to the petitioners' claim of hardship due to family separation.

█ Petitioners argue, second, that the BIA abused its discretion by failing to consider their current circumstances, as opposed to their circumstances at the time of their original application for suspension in 1981. We recognize that some cases in this circuit have held that the BIA's failure to consider circumstances on remand is an abuse of discretion. See *Jara-Navarrete v. INS*, 800 F.2d 1530 (9th Cir.1986); *Chookhae v. INS*, 756 F.2d 1350 (9th Cir.1985). However, the Supreme Court has made it clear that "the purpose of an appeal is to correct legal errors which occurred at the initial determination of deportability; it is not to permit an indefinite stalling of physical departure in the hope of eventually satisfying legal prerequisites." *INS v. Rios-Pineta*, 471 U.S. 444, 450, 105 S.Ct. 2098, 2102, 85 L.Ed.2d 452 (1986). We believe it follows from this that where, as here, the petitioner fails to submit any statement of changed circumstances on remand, the BIA may in its discretion consid-

er only those facts presented at the original deportation hearing.[2] The proper remedy, if new circumstances have arisen, is to move to reopen the suspension hearing pursuant to 8 C.F.R. § 3.2 (1985). In a suspension case, the BIA has the discretion to deny such a motion even if a prima facie case of eligibility is made out. *INS v. Rios-Pineda*, 471 U.S. at 449, 105 S.Ct. at 2101. This discretion would be lost were we to hold that the BIA is required to update the factual record on remand as a matter of course.

Petition denied.

---

**2.** The BIA may, of course, be directed to examine more closely on remand matters that it had ignored before.