993 F.2d 882
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Salvatore CASTIGLIA, Petitioner,
v.
U.S. IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70702.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 16, 1993.
Decided May 6, 1993.
 
 Before SCHROEDER, PREGERSON and D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Salvatore Castiglia petitions for review of a decision of the Board of Immigration Appeals ("BIA") to deport him from the United States to Italy. Castiglia contends that the BIA abused its discretion by denying him relief from deportation under section 212(c) of the Immigration and Nationality Act (the "Act"), 8 U.S.C. § 1182(c). We have jurisdiction under 8 U.S.C. § 1105(a). We affirm.
 
 FACTUAL AND PROCEDURAL BACKGROUND
 
 3
 Castiglia is a 42-year-old native and citizen of Italy. He has been a permanent resident of the United States since 1958, when he moved to this country with his family. Castiglia was 8 years old when he left Italy and now speaks little Italian.[1] The majority of his family resides in the United States, including his mother and siblings. Several of his family members are citizens or lawful permanent residents of the United States.
 
 
 4
 Castiglia volunteered for the U.S. Army in 1967 and served in the Vietnam War. While serving with the Army in Thailand, he became addicted to opium. He was honorably discharged in 1969.
 
 
 5
 When he returned to the United States, Castiglia became addicted to heroin. In 1971, Castiglia was convicted of second degree robbery, which was believed to be related to his drug addiction. In 1974, he was convicted of second degree murder. In 1984, he was convicted of the sale of heroin.
 
 
 6
 In 1985, the Immigration and Naturalization Service ("INS") issued an Order to Show Cause, charging Castiglia with deportability from the United States under sections 241(a)(4) and 241(a)(11) of the Act, 8 U.S.C. §§ 1251(a)(4) and 1251(a)(11). Under section 241(a)(4), an alien is deportable if he or she is convicted of two separate crimes involving moral turpitude. 8 U.S.C. § 1251(a)(4). Under section 241(a)(11), an alien is deportable if he or she is convicted of a controlled substance offense. 8 U.S.C. § 1251(a)(11).
 
 
 7
 At his deportation hearing in October 1986, Castiglia conceded deportability, and the immigration judge found Castiglia deportable as charged. Castiglia then asked for a continuance to apply for relief from deportation under section 212(c) of the Act, 8 U.S.C. § 1182(c). Under section 212(c), the Attorney General has discretion to waive deportation of otherwise excludable aliens. 8 U.S.C. 1182(c).[2]
 
 
 8
 In December 1986, while on parole from the 1984 conviction, Castiglia was re-arrested and incarcerated for being an accessory to a robbery and possessing heroin.
 
 
 9
 On January 5, 1987, the immigration judge ordered Castiglia deported when Castiglia failed to timely file his section 212(c) application. On February 5, 1987, the immigration judge granted Castiglia's motion to reopen his case for consideration of his section 212(c) application. Castiglia was released on parole in 1988. Several hearings were subsequently held in 1988 and 1989 before the immigration judge. The judge received evidence and testimony regarding Castiglia's section 212(c) application.
 
 
 10
 The immigration judge heard testimony that while in prison from 1986-88, Castiglia stopped using drugs. He also became involved in a Vietnam veterans group and the "Squires" program. As a member of Squires, Castiglia counseled troubled children and their parents in an effort to discourage children from drug use and crime. After his release from prison, Castiglia consistently attended Narcotics Anonymous meetings and remained drug-free. Castiglia remained active in the Vietnam veterans group and Squires. At least three witnesses testified that Castiglia's work at Squires had greatly helped their children. In addition, Castiglia's employer at Beckman Instruments, Inc. submitted a letter attesting to Castiglia's consistent, satisfactory employment.
 
 
 11
 On June 12, 1989, an immigration judge ordered Castiglia to submit quarterly parole performance reports until his discharge from parole in March of 1990. The order also stated that if Castiglia was successfully discharged from parole, the immigration judge would enter an order granting a waiver of inadmissibility under section 212(c). If, however, Castiglia was not successfully discharged from parole, he would be deported to Italy without further proceedings. Both Castiglia and the INS appealed this order.
 
 
 12
 On June 1, 1990, while the BIA appeal was pending, the immigration judge entered an order granting Castiglia, who had been successfully discharged from parole, relief from deportation under section 212(c). On November 20, 1991, the BIA reversed the immigration judge's order of June 1, 1990. This petition for review followed.
 
 DISCUSSION
 
 13
 "We review the BIA's balancing of the equities for section 212(c) relief for an abuse of discretion." Ayala-Chavez v. INS, 944 F.2d 638, 642 (9th Cir.1991) (citing Vargas v. INS, 831 F.2d 906, 908 (9th Cir.1987)). "We may set aside the BIA's denial of section 212(c) relief 'only if the Board failed to support its conclusions with a reasoned explanation based upon legitimate concerns.' " Id. (quoting Vargas, 831 F.2d at 908).
 
 
 14
 In deciding whether an alien merits relief under section 212(c), the BIA must "balance the adverse factors evidencing an alien's undesirability as a permanent resident with the social and humane consideration presented in his behalf to determine whether the granting of section 212(c) relief appears in the best interest of the country." Matter of Marin, 16 I. & N. Dec. 581 (BIA 1978), approved, Ayala-Chavez, 944 F.2d at 641. Under the balancing test, the more serious the negative factors, the more evidence of favorable factors the alien must show in order to gain relief. The BIA requires a showing of unusual and outstanding equities by aliens seeking discretionary relief under section 212(c) if the alien has been convicted of serious criminal activity. Ayala-Chavez, 944 F.2d at 641.
 
 
 15
 The BIA balanced the adverse factors evidencing Castiglia's "undesirability as a permanent resident," namely Castiglia's criminal record and long-term drug use, "against the social and humane considerations presented in his behalf," namely Castiglia's lengthy residence in the United States, his military service, his U.S. family ties, his signs of successful rehabilitation, his consistent employment, and his service to the community.
 
 
 16
 The BIA conceded that Castiglia made a showing of "unusual and outstanding equities." But the BIA found that Castiglia's felony convictions and his 20-year drug addiction outweighed Castiglia's demonstration of equities. In light of Castiglia's habitual criminal record and the seriousness of his crimes, we do not find that the BIA abused its discretion or "failed to support its conclusions with a reasoned explanation based upon legitimate concerns." See id. at 642. "Our consideration of these factors is limited because this petition must be determined "solely upon the administrative record upon which the deportation order [was] based." 8 U.S.C. § 1105(a)(4).
 
 
 17
 In his brief, Castiglia states that he is now married to a United States citizen who has a five-year-old daughter. In addition, he has been employed consistently since 1989 with the same employer, who recommends him highly. Furthermore, he asserts that he successfully completed parole in 1990 and has remained drug-free since 1987. We see nothing to prohibit Castiglia from petitioning the BIA to reopen his case to consider the circumstances that have arisen since his immigration hearing in 1989. See 8 C.F.R. § 3.2 (1985). See also Figueroa-Rincon v. INS, 770 F.2d 766, 767 (1985) ("circumstances arising subsequent to the original deportation hearing may be raised by petition to reopen ... proceedings under 8 C.F.R. § 3.2 (1985)") (citing INS v. Rios-Pineda 471 U.S. 444 (1985)); Sida v. INS, 783 F.2d 947, 951 (9th Cir.1986) (court affirmed BIA's decision, but stayed mandate to enable petitioner to file a motion to reopen with the BIA). On the record we have before us we must affirm the BIA's determination.
 
 
 18
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The INS disputes this fact and others. We, however, do "not sit as an administrative agency for the purpose of fact-finding in the first instance." Tejeda-Mata v. INS, 626 F.2d 721, 726 (9th Cir.1980), cert. denied, 456 U.S. 994 (1982). In addition, this petition "shall be determined solely upon the administrative record upon which the deportation order is based and the Attorney General's findings of fact, if supported by reasonable, substantial, and probative evidence on the record considered as a whole shall be conclusive." 8 U.S.C. § 1105a(a)(4)
 
 
 [2]
 In 1990, section 212(c) was amended to render aliens convicted of certain felonies ineligible for relief. 8 U.S.C. 1182(c) (Supp.1993). As conceded by the INS, the amendment does not apply to Castiglia because his application for section 212(c) relief was submitted to the immigration judge before the November 29, 1990 effective date. See Matter of A-A-, I. & N. Dec. 3176 (BIA 1992)