996 F.2d 1216
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ryszard PAROL, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-4226.
 United States Court of Appeals, Sixth Circuit.
 June 18, 1993.
 
 1
 Before GUY and BATCHELDER, Circuit Judges, and MILES, Senior District Judge.*
 
 ORDER
 
 2
 Ryszard Parol is a Polish native and citizen who seeks judicial review of an order by the Board of Immigration Appeals, which dismissed his appeal of a decision denying his application for a suspension of deportation under § 244(a)(1) of the Immigration and Nationality Act. 8 U.S.C. § 1254(a)(1). His case has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Parol entered the United States as an uninspected, non-immigrant visitor on October 2, 1984. On November 21, 1990, a show cause order was issued charging him with deportability because he had remained in the United States for a longer time than permitted. Parol conceded deportability, but applied for a suspension of deportation under § 244(a)(1). An administrative hearing was held before an Immigration Judge ("IJ") who denied the application. The Board of Immigration Appeals dismissed Parol's appeal of the IJ's decision on August 25, 1992. Parol now seeks judicial review of the Board's order.
 
 
 4
 The Board's decision is reviewed for an abuse of discretion on appeal. Babai v. INS, 985 F.2d 252, 254 (6th Cir.1993). In determining whether the Board abused its discretion, we consider whether its decision lacked a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group. Balani v. INS, 669 F.2d 1157, 1161 (6th Cir.1982) (per curiam). The Board's decision must not be arbitrary, irrational or contrary to law. Babai, 985 F.2d at 255. An examination of the equities involved indicates that the Board did not abuse its discretion by denying Parol's application for a suspension of deportation.
 
 
 5
 Section 244(a) specifies three requirements that must be satisfied before deportation may be suspended: 1) the alien must show that he has been physically present in the United States for a continuous period of at least seven years immediately prior to the date of his application; 2) the alien must prove that he was and is a person of good moral character; and 3) the alien must show that deportation would result in "extreme hardship" to himself "or to his spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1254(a)(1). The IJ found that Parol had satisfied the first requirement of continuous presence as well as the second requirement of good character. Thus, the central issue here is whether Parol would suffer extreme hardship if he were returned to Poland. This requirement has been interpreted narrowly. See INS v. Jong Ha Wang, 450 U.S. 139, 145 (1981) (per curiam). To meet it, Parol must demonstrate hardship that is substantially more severe than that which is ordinarily suffered by a deportee. See Hernandez-Cordero v. United States INS, 819 F.2d 558, 562-63 (5th Cir.1987).
 
 
 6
 Parol argues that he is 52 years old and that the high unemployment rate in Poland would cause him severe economic hardship if he were deported. However, the IJ correctly noted that economic detriment alone is not sufficient to satisfy the extreme hardship standard. See Jong Ha Wang, 450 U.S. at 144. In addition, the Board found that Parol may be in a better economic position than most aliens who are deported because he "owns property in Poland, is not advanced in age, and is well educated, skilled, and highly experienced in the field of engineering and in the supervision of other employees." In light of these findings, it cannot be said that the Board failed to provide a rational basis for its decision. See Balani, 669 F.2d at 1161.
 
 
 7
 Parol also argued that he would suffer psychological and emotional hardship if he were separated from his nephew and his nephew's family, with whom he lives in the United States. The IJ properly found that any hardship which might be suffered by the nephew and his family was not relevant to Parol's application under § 244(a)(1). See INS v. Hector, 479 U.S. 85, 88 (1986) (per curiam). Moreover, while the IJ did consider the emotional hardship that Parol himself might suffer by being separated from his nephew's family, he also found that this hardship was mitigated by the fact that Parol would be reunited with two of his own children when he returned to Poland. The Board agreed, noting that Parol's general allegations regarding separation from an adult family member such as his nephew did not constitute extreme hardship under § 244(a). Thus, the Board did not abuse its discretion by denying Parol's application because it considered the relevant facts and articulated a rational basis for its decision. See Alvarez-Madrigal v. INS, 808 F.2d 705, 706-07 (9th Cir.1987).
 
 
 8
 In the alternative, Parol argues that the Board properly allowed him at least thirty days to depart voluntarily from the United States. This ruling will not be disturbed as the respondent has not challenged it on appeal.
 
 
 9
 Accordingly, the Board's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Wendell A. Miles, Senior U.S. District Judge for the Western District of Michigan, sitting by designation