5 F.3d 535
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
4
Jose DIAZ-SANCHEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70665.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 5, 1993.*
Decided Sept. 1, 1993.
 
 1
 Before: BEEZER and HALL, Circuit Judges, and ARMSTRONG, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Jose Diaz-Sanchez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' dismissal of his appeal from an immigration judge's decision denying his application for suspension of deportation under 8 U.S.C. Sec. 1254(a). The issue before this court is whether the Board abused its discretion by denying Diaz's application for suspension based on failure to establish extreme hardship to himself or his three United States citizen children. Diaz argues that the Board failed to consider all relevant factors relating to the extreme hardship to himself and his children, and that the Board failed to set forth adequate reasons in support of the discretionary denial of suspension of deportation. We affirm.
 
 
 4
 Section 244(a)(1) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1254(a)(1), provides that the Attorney General in her discretion may suspend deportation and adjust the status of an otherwise deportable alien who (1) has been physically present in the United States for at least seven years; (2) is a person of good moral character; and (3) is "a person whose deportation would, in the opinion of the Attorney General, result in extreme hardship to the alien or to his spouse, parent or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." Section 244(a)(1) grants to the Board the discretion to construe "extreme hardship" narrowly. INS v. Wang, 450 U.S. 139, 145 (1981); Alvarez-Madrigal v. INS, 808 F.2d 705, 706 (9th Cir.1987). The alien bears the burden of demonstrating both statutory eligibility and that he merits the favorable exercise of discretion. Ramirez-Durazo v. INS, 794 F.2d 491, 497 (9th Cir.1986). The immigration judge found that Diaz failed to establish that deportation would result in extreme hardship to himself or to his children and thus did not meet the statutory requirements for suspension of deportation.[1] Oral Decision of the Immigration Judge at 5. After reviewing the record, the Board adopted this decision, finding that the immigration judge considered and properly weighed all the facts, individually and in the aggregate, in coming to this conclusion. BIA Order at 1.
 
 I.
 
 5
 Diaz contends that the Board failed to consider all relevant factors regarding extreme hardship to himself and his children. Failure to consider all relevant factors is an abuse of discretion. Cerrillo-Perez v. INS, 809 F.2d 1419, 1422 (9th Cir.1987). Diaz claims that the following factors were not considered: separation of family, economic hardship, the cumulative effect of all hardships, and other relief available to Diaz. As shown below, the immigration judge directly addressed all of these issues. The Board, after its own review of the record, adopted his opinion as the basis of its decision; therefore, we conclude that the Board considered all relevant factors.
 
 
 6
 Diaz first asserts that the Board failed to address the hardship resulting from separation of the family. However, the immigration judge's opinion, as adopted by the Board, directly addresses this issue. The immigration judge noted Diaz's testimony that he is close to his young family, that he takes care of the children sometimes while his wife is working, plays ball with them, takes them fishing, and takes them on picnics and to the park. Oral Decision at 3. He further noted that Diaz "did not hesitate to leave his loved ones for eight months while he went into hiding," and that he "could have brought them with him if they were really that close." Id. at 4. The immigration judge then explicitly stated, "based on the testimony of the spouse, while the children might miss him some, I find that a relationship has not been established that would create an extreme hardship to the children." Id. at 5. Diaz further contends that the psychological report on his family was "arbitrarily dismissed and disregarded ... as 'pseudo-science' " simply because it was Diaz who presented the report as evidence. On the contrary, the Board found that the immigration judge reviewed the report and found it unpersuasive, and the Board agreed with the judge's finding on this subject. It is true that "[w]hen important aspects of the individual claim are distorted or disregarded, the BIA has abused its discretion." Cerrillo-Perez, 809 F.2d at 1422 (internal quotation omitted). However, based on the record, we can not conclude that the Board's treatment of this evidence constitutes an abuse of discretion. An alien illegally present in the United States cannot gain favored status merely by the birth of a citizen child. Ramirez-Durazo, 794 F.2d at 1425-26.
 
 
 7
 Diaz next argues that the Board failed to consider the economic hardship that his deportation would cause to the Diaz family. The immigration judge acknowledged that the "main disadvantage here, or hardship, is economic." Oral Decision at 5. However, he noted that Diaz's wife earns $10,000 a year (compared to Diaz's $5,000-7,000) and that while Diaz was in California for eight months, she was able to support the family and send Diaz money from time to time. Id. at 3. Therefore, the Board expressly considered economic hardship through its adoption of the immigration judge's opinion.
 
 
 8
 Next, Diaz claims that the cumulative effect of the hardships deportation would cause were not considered. Adverse consequences of deportation are to be considered cumulatively in determining whether extreme hardship exists. Prapavat v. INS, 662 F.2d 561, 562 (9th Cir.1981). We see nothing in the record which suggests that the immigration judge did not consider the Diaz family's hardships cumulatively. The judge stated, "In view of the foregoing and after having considered the evidence of record I conclude that respondent does not merit suspension of deportation." Oral Decision at 6. This indicates that the judge considered cumulatively all the relevant factors discussed in the record and within his opinion.
 
 
 9
 Finally, Diaz contends that the Board did not consider all relevant factors because it failed to address other relief available to Mr. Diaz. This contention is meritless. The immigration judge explicitly addressed in his opinion, which the Board adopted, the possibility of Diaz coming back to the United States legally at some future date as the husband of a permanent resident. Id. at 5.
 
 II.
 
 10
 Diaz also argues that the Board failed to set forth adequate reasons for finding that he was not entitled to suspension of deportation. The Board must offer reasons for denying the requested relief. Alvarez-Madrigal, 808 F.2d at 706 (citing Ramirez-Durazo, 794 F.2d at 498). The Board stated explicitly in its order, "[f]or the reasons set forth in his decision, we concur with the immigration judge that the respondent is statutorily ineligible for suspension of deportation." The immigration judge offered a number of reasons for finding that Diaz did not meet the extreme hardship requirement, as demonstrated above. Therefore, by adopting the immigration judge's reasoning and conclusions, the Board set forth adequate reasons for finding that Diaz was not entitled to suspension of deportation.
 
 
 11
 We conclude that the Board did not abuse its discretion by denying Diaz's application for suspension of deportation based on his failure to establish extreme hardship. The Board considered all relevant factors relating to extreme hardship to Diaz and his children and set forth adequate reasons in support of the discretionary denial of suspension of deportation.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Hon. Saundra Brown Armstrong, United States District Judge for the District of Northern California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We note that there was some question below as to whether Diaz satisfied the moral character requirement as well. For example: he was already deported once and returned to the United States illegally; he failed to pay any taxes on the income he earned while working in the United States; he married his current wife only after his deportation proceedings were initiated; he was convicted of fourth degree assault on his wife as a result of a domestic dispute; and he fled from the law to avoid testifying in a murder case. However, the immigration judge did not base his ruling on the requirement of "good moral character". Instead, he stated that "there is plenty of smoke but not quite enough fire to make a statutory finding that respondent fails to meet the good moral character requirement."