5 F.3d 534
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Roman BALDERAS-NIETO; Maria Baca de Balderas, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70716.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 8, 1993.
Decided Sept. 22, 1993.
 
 Before: KOZINSKI, SILER* and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 A. As the government concedes, the INS granted Maria Baca de Balderas lawful permanent resident status on February 24, 1989. We therefore dismiss as moot her petition to suspend deportation proceedings. United States v. Munsingwear, Inc., 340 U.S. 36 (1950).
 
 
 3
 B. Relying on the erroneous premise that Roman Balderas-Nieto and his wife Maria Baca de Balderas never applied for legalization benefits, the INS moved to reinstate this proceeding after it had been in abeyance for 3 1/2 years. The BIA reinstated the case but summarily dismissed it under 8 C.F.R. Sec. 3.1(d)(1-a)(i), on the ground that petitioners' notice of appeal was insufficient. See Toquero v. INS, 956 F.2d 193, 195-96 (9th Cir.1992).
 
 
 4
 The failure to state the reasons for an appeal is normally fatal because it denies the BIA notice of what petitioner claims was wrong with the IJ's decision. But here the notice would have been futile, as the IJ's decision 7 years earlier no longer provided an adequate record for BIA review. Figueroa-Rincon v. INS, 770 F.2d 766, 767-68 (9th Cir.1985); Chookhae v. INS, 756 F.2d 1350, 1352 (9th Cir.1985). Roman Balderas-Nieto's situation has changed considerably since his original petition for suspension of deportation was denied in January of 1984. He has lived in the U.S. for nearly 20 years, his wife is now a legal permanent resident alien and the couple has four U.S. citizen children. Petitioner's Brief at 3. The BIA must consider hardship in light of these changed circumstances. See Jara-Navarrete v. INS, 813 F.2d 1340, 1342-43 (9th Cir.1987). Right, wrong or unreviewable, the passage of time has rendered the IJ's original decision irrelevant, and thus it cannot be enforced.
 
 
 5
 We VACATE the BIA's decision and REMAND for reconsideration of Mr. Balderas's application for suspension of deportation in light of his current circumstances.
 
 
 
 *
 The Honorable Eugene E. Siler, United States Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3