24 F.3d 247
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Ki Tae KIM, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-70780.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 2, 1994.*
Decided May 4, 1994.
 
 Before: WRIGHT, SCHROEDER, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petitioner Ki Tae Kim asks this court to review a final order of deportation issued by the Board of Immigration Appeals ("BIA"). We deny the petition.
 
 
 3
 * Kim, a citizen of Korea, entered the United States as a permanent resident on January 24, 1976. An Order to Show Cause dated May 1, 1985 alleged that Kim had violated section 241(a)(4) of the Immigration and Nationality Act ("Act"), 8 U.S.C. Sec. 1251(a)(4) (1988), because he had been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct.
 
 
 4
 At the deportation hearing, the government presented a certified record of one conviction for theft in the second degree and an amended information and statement upon a plea of guilty for possession of stolen property. Kim objected to admission of the guilty plea because it was not a certified record of conviction, and guilty pleas may be withdrawn. But Kim did not claim he was not convicted of the possession of stolen property. Kim moved for dismissal of the Order to Show Cause because the government failed to carry its burden. The IJ concluded that the document was sufficient to establish that Kim had been convicted. He denied Kim's motion and continued the hearing to allow the government to provide additional documentation. He said, "I find that the Government has sustained its burden. The only thing I'm continuing is for the benefit of the Court to be sure I've got the complete conviction record."
 
 
 5
 At the continued hearing, Kim moved to disqualify the IJ on the ground that the IJ had predetermined that Kim was deportable before seeing the certified conviction record and allowing Kim to present his defense. The IJ denied the motion, admitted certified conviction records showing Kim's conviction for possession of stolen property, and heard Kim's evidence regarding deportability and waiver of admissibility under section 212(c) of the Act, 8 U.S.C. Sec. 1182(c). He ruled that the conviction for possession of stolen property involved moral turpitude and that Kim was therefore deportable, and denied Kim's request for section 212(c) relief.
 
 
 6
 The BIA dismissed Kim's appeal. It found that the IJ's initial comments regarding Kim's deportability were inappropriate, but concluded that Kim had a full and fair opportunity to present his case. It also determined that Kim's conviction for possession of stolen property was a crime involving moral turpitude. The BIA declined to address the contention that the IJ erred in denying Kim's request for section 212(c) relief from deportation. It found that Kim had failed to identify the legal or factual basis for this aspect of his appeal.
 
 II
 
 7
 Kim argues that the IJ should have recused himself because he had improperly prejudged the case, and that his failure to do so violated Kim's due process right to a fair hearing. Although, as the BIA noted, it may have been improper for the IJ to comment on the potential outcome before all evidence was presented, it is clear from the record that the IJ gave Kim the opportunity to present evidence and fully considered all evidence presented. See Matter of Bader, 17 I & N Dec. 525, 527 (BIA 1980). Moreover, the BIA reviewed the evidence de novo and concluded that Kim was deportable. The IJ's inappropriate statements therefore did not prejudice Kim's opportunity to receive a full and fair hearing. Nicholas v. INS, 590 F.2d 802, 809 (9th Cir.1979) ("The alien has been denied the full and fair hearing which due process provides only if the thing complained of causes the alien to suffer some prejudice."); accord, Vides-Vides v. INS, 783 F.2d 1463, 1469 (9th Cir.1986).
 
 
 8
 Kim also contends that the IJ abused his discretion by continuing the hearing to allow the INS to present additional evidence of Kim's alleged conviction for possession of stolen property. The BIA correctly found that the evidence introduced at the initial hearing established prima facie evidence of Kim's deportability, and that the IJ therefore did not abuse his discretion in continuing the hearing. See 8 C.F.R. Sec. 242.13; Kashefi-Zihagh v. INS, 791 F.2d 708, 711 (9th Cir.1986). See also Bader, 17 I & N Dec. at 527 (improperly certified conviction certificate does not justify setting aside IJ's finding of conviction when respondent has not indicated that underlying facts are inaccurate).
 
 
 9
 Kim argues that possession of stolen property under the Revised Code of Washington, 9A.56.150 does not constitute a crime involving moral turpitude. "Possessing stolen property" under Washington law is defined as "knowingly to receive, retain, possess, conceal, or dispose of stolen property knowing that it has been stolen." Wash.Rev.Code Ann. Sec. 9A.56.140(1) (West 1988). In Wadman v. INS, 329 F.2d 812, 814 (9th Cir.1964), we held that "receiving property knowing it to have been stolen" is a crime of moral turpitude. Because the Washington statute also requires knowledge that the goods were stolen, Wadman controls, and possessing stolen property under Washington law is a crime involving moral turpitude. See also Matter of Salvail, 17 I & N Dec. 19 (BIA 1979); Okoroha v. INS, 715 F.2d 380, 382 (8th Cir.1983) (upholding BIA's determination that possession of stolen mail is a crime of moral turpitude when knowledge that the article had been stolen was essential element of the offense).
 
 
 10
 In his brief to this court, Kim does not address the propriety of the BIA's refusal to address his challenge to the denial of discretionary relief pursuant to section 212(c). Instead, Kim argues that the IJ did not fairly decide the request for discretionary relief because he made a judgment regarding deportability before hearing all of the evidence. Kim also asks us to remand his case to the BIA to hear new evidence concerning changed circumstances.
 
 
 11
 "[O]ur review is confined to the BIA's decision and the bases upon which the BIA relied." Martinez-Zelaya v. INS, 841 F.2d 294, 296 (9th Cir.1988). Kim failed to properly raise the IJ's denial of discretionary relief in his appeal to the BIA. His notice of appeal simply states, "The court erred in denying discretionary relief under 8 USC Sec. 1182(c), ('212(c)')." Although he indicated he would file a separate written brief, he did not do so. The BIA may summarily dismiss any portion of any appeal if the party fails to specify the reasons for the appeal. 8 C.F.R. 3.1(d)(1-a)(i). "It is therefore insufficient to merely assert that the immigration judge improperly ... denied an application for relief from deportation." Matter of Valencia, 19 I & N Dec. 354 (1986); accord Toquero v. INS, 956 F.2d 193, 195-96 (9th Cir.1992). The BIA did not err in declining to consider Kim's request for discretionary relief. See also Martinez-Zelaya, 841 F.2d at 296 (summary dismissal by the BIA appropriate if an alien submits no separate written brief and inadequately informs the BIA of why the IJ's decision was incorrect).
 
 
 12
 We deny Kim's request that we remand his case to the BIA to hear new evidence regarding changed circumstances. "[T]he Supreme Court has made it clear that 'the purpose of an appeal is to correct legal errors which occurred at the initial determination of deportability.' ... The proper remedy, if new circumstances have arisen, is to move to reopen the suspension hearing pursuant to 8 C.F.R. Sec. 3.2." Alvarez-Madrigal v. INS, 808 F.2d 705, 707 (9th Cir.1987).
 
 
 13
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 3(f)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 3-3