**Maria Del Rosario GONZALEZ–
SANTANA, Petitioner,**

v.

**John ASHCROFT, Attorney
General Respondent.**

No. 00–70002.

I & NS No. A71 596 075.

United States Court of Appeals,
Ninth Circuit.

---

4. It is for this reason that remand is also inappropriate as to this claim, contrary to petitioner's suggestion.

Submitted July 13, 2001.*

Decided July 19, 2001.

Before FARRIS, SILVERMAN, and PAEZ, Circuit Judges.

## MEMORANDUM **

Maria del Rosario Gonzalez–Santana, a native and citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of her request for suspension of deportation pursuant to § 244(a)(1) of the Immigration

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

and Naturalization Act ("INA"), 8 U.S.C. § 1254(a)(1) (now repealed). Both the IJ and BIA concluded that Petitioner would not suffer an extreme hardship if she returned to Mexico. Petitioner asserts that the BIA violated her right to due process by waiting six years to render its decision and by relying on facts which changed materially during this period.

■■■ Our jurisdiction in this case is governed by the transitional rules in § 309(c)(4) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104–208, 110 Stat. 3009–546 (Sept. 30, 1996) ("IIRIRA"). Under these rules, we lack jurisdiction to review the discretionary determination whether an alien seeking suspension of deportation has met the statutory eligibility requirement of "extreme hardship." *Sanchez–Cruz v. INS*, 255 F.3d 775 (9th Cir.2001). We, however, retain jurisdiction to review a due process challenge to the BIA's denial of suspension of deportation. *Id.* A decision of the BIA violates due process "if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Id.* (internal citation and quotation marks omitted). The alien must also show prejudice. *Id.*

■■■ Petitioner asserts that the BIA violated her due process rights by failing to consider her changed circumstances during the six years that her appeal was pending before the BIA. Yet, there is no indication in the record that Petitioner ever attempted to notify the BIA of her changed circumstances. Due process does not require that the BIA sua sponte solicit additional evidence, especially when it is Petitioner's burden to prove "extreme hardship," 8 C.F.R. § 242.17(e) (1997), and she has already received a full and fair hearing before the IJ. Moreover, the BIA has an established procedure through which an alien may present evidence of changed circumstances up to 90 days after a final decision by the BIA: "circumstances arising subsequent to the original deportation hearing may be raised by petition to reopen suspension proceedings under 8 C.F.R. § 3.2[(c)]." *Figueroa–Rincon v. INS*, 770 F.2d 766, 767 (9th Cir.1985).

Additionally, Petitioner has not shown that she was prejudiced by the BIA's six-year delay, during which time she continued to reside in the United States.

Accordingly, Petitioner fails to raise a colorable due process argument, and we lack jurisdiction to review the merits of the BIA's decision. *Sanchez–Cruz*, 255 F.3d 775.

PETITION DENIED.