**Reymundo JARA–NAVARRETE and Anna Simentol De Jara, Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 85–7371.

United States Court of Appeals, Ninth Circuit.

Submitted May 30, 1986 *.

Decided October 3, 1986.

Amended April 1, 1987.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 3(f) and Fed.R.App.P. 34(a).

Dan P. Danilov, Seattle, Wash., for the petitioners.

Dept. of Justice, David V. Bernal, Office of Immigration Litigation Civ. Div., Washington, D.C., for respondent.

Before SCHROEDER, FERGUSON and NELSON, Circuit Judges.

FERGUSON, Circuit Judge:

Reymundo Jara-Navarrete petitions for review of the Board of Immigration Appeals (BIA) decision entered on June 5, 1985, after a remand from this court. On remand, the BIA reaffirmed its denial of Jara-Navarrete's application for suspension of deportation, finding no extreme hardship. Because the BIA failed to reexamine the case properly, we again vacate the order of deportation and remand the matter for further proceedings. *See Figueroa-Rincon v. INS*, 770 F.2d 766, 767 (9th Cir. 1985) (vacating and remanding BIA decision for the second time); *Chookhae v. INS*, 756 F.2d 1350, 1351 (9th Cir.1985) (same).

### I.

This matter was initially before us on a petition for review of the BIA's April 11, 1984 decision denying Jara-Navarrete's application for suspension of deportation. *Jara-Navarrette v. INS*, 753 F.2d 1082 (9th Cir.1985) (mem.). Jara-Navarrete entered the United States without inspection in 1974. His wife, Anna de Jara, did so in 1976. Three of their four children are United States citizens. The fourth child is a citizen of Mexico. Jara-Navarrete conceded deportability at his deportation hearing, but applied for suspension of deportation and presented evidence of the hardships he and his family would face if deported. The immigration judge denied the application. Jara-Navarrete appealed. The BIA affirmed, and granted voluntary departure to him and de Jara.

In our review of the April 11, 1984, BIA decision, we found that the BIA failed to consider fully all relevant factors of Jara-Navarrete's claim of extreme hardship caused by deportation to Mexico. Accordingly, we remanded the matter to the BIA.[1]

On remand the BIA analyzed the hardship in greater detail than it had done in its

---

1. These factors included (1) the petitioner's family ties to the United States; (2) the length of his residence in the United States; (3) his health and immigration history; and (4) his position in the community.

first review, but nevertheless several of the factors received only the most superficial discussion. These included Jara-Navarrete's family ties in the United States ("He has not claimed any particularly close attachment to his sisters in the United States.") and his position in the community ("He has not shown that he has any unusual community ties in the United States."). The most important, however, was the BIA's single-sentence determination that petitioner's United States citizen children will face no extreme hardships from deportation. In its decision, the Board made some statements about children generally, and then stated that "[t]hese 3 children are still very young and they should be able to adapt successfully to Mexico." We hold that such cursory and generalized analysis of these factors was an abuse of discretion, and again reverse.

## II.

To qualify for suspension of deportation under 8 U.S.C. § 1254(a)(1) the alien must establish (1) continuous physical presence in the United States for a period of at least seven years immediately preceding the date of application, (2) good moral character, and (3) extreme hardship to himself or herself, or to a spouse, parent, or child who is a citizen or permanent resident of the United States. The immigration judge found that Jara-Navarrete met the first two requirements, but did not demonstrate extreme hardship.

■ We recognize that we must give great deference to administrative agency findings. Our review of BIA determinations about extreme hardship is limited to whether the BIA abused its discretion. *INS v. Wang*, 450 U.S. 139, 144, 101 S.Ct. 1027, 1031, 67 L.Ed.2d 123 (1981) (definition of "extreme hardship" established by BIA, not reviewing court).

However, we do not defer to an administrative agency's determinations if the agency has abused its discretion:

[o]ur recognition of Congress' need to vest administrative agencies with ample power to assist in the difficult task of governing a vast and complex industrial Nation carries with it the correlative responsibility of the agency to explain the rationale and factual basis for its decision, even though we show respect for the agency's judgment in both.

*Bowen v. American Hospital Association*, —— U.S. ——, 106 S.Ct. 2101, 2113, 90 L.Ed.2d 584 (1986); *see also Jackson v. Donovan*, 758 F.2d 1313, 1314 (9th Cir. 1985) ("Although the substantial evidence standard of review is relatively deferential to the agency factfinder, our review still must be 'searching and careful, subjecting the agency's decision to close judicial scrutiny.' ").

"Failure to consider all relevant facts bearing upon extreme hardship or to articulate the reasons for denying suspension of deportation constitutes an abuse of discretion." *Roe v. INS*, 771 F.2d 1328, 1333 (9th Cir.1985) (citing *Zavala-Bonilla v. INS*, 730 F.2d 562, 568 (9th Cir.1984)). The BIA's responsibility in evaluating hardship has been well-established:

[T]his court has noted, "[b]ecause hardship depends on specific circumstances discretion can be properly exercised only if the circumstances are actually considered." *Santana-Figueroa v. INS*, 644 F.2d 1354, 1357 (9th Cir.1981) (citation omitted). Without question, the appropriate exercise of the Attorney General's discretion to suspend deportation is predicated on a properly focused factual inquiry into the hardships claimed by the petitioner. This obligation of the BIA is most compelling where a reviewing court has identified a failure on the part of the BIA to consider relevant factual material.

*Chookhae*, 756 F.2d at 1351–52. We now turn to whether the BIA's evaluations of community and family ties and hardship to the United States citizen children constituted an abuse of discretion.

## III.

■ In reviewing BIA decisions involving hardship to United States citizen children, generalized rather than individualized consideration, and cursory treatment of individual circumstances, constitute an abuse of discretion. Thus, we have not hesitated to vacate denials of applications for suspension of deportation when the BIA abuses

its discretion in examining hardship to United States citizen children. In *De La Luz v. INS*, 713 F.2d 545 (9th Cir.1983), we found that the BIA abused its discretion by not examining the individual hardships to the petitioner's United States citizen children. In *Prapavat v. INS*, 662 F.2d 561, 562 (9th Cir.1981), we held that the BIA's cursory review of a United States citizen child's medical problems did not "discharge the Board's duty" of considering carefully all relevant factors.

Other circuits are also vigilant in ensuring that the BIA gives careful and individualized consideration to United States citizen children. In *Ramos v. INS*, 695 F.2d 181 (5th Cir.1983), the petitioners had two United States citizen children aged seven and nine at the time of the deportation hearing. The court held that the BIA had not sufficiently examined how a child of grammar school age might suffer from being uprooted from his life in the United States, and remanded for further careful, individualized consideration of the children's hardship. The court quoted extensively from a psychiatric report prepared for one of the children:

> "[his] speech, choice of toys, knowledge, and interest were typical of American boys.... [His] choice of toys and drawings were typical of American children.... He would be particularly vulnerable to a move at this age because he is just now developing relationships outside the home.... Once a child has adopted the culture of a country he is subject to rejection by peers if he is forced to readjust to the new culture. The child at age six and onward is particularly vulnerable to this."

*Id.* at 183–84 n. 5.

The First Circuit vacated and remanded as abuse of discretion a BIA decision that stated merely that the petitioner's United States permanent resident children, aged seven through twelve, should have no trouble readjusting to life in the Dominican Republic because they had lived in the United States only four years. *Luna v. INS*, 709 F.2d 126, 128–29 (1st Cir.1983). In *Okoroha v. INS*, 715 F.2d 380, 384–85 (8th Cir.1983), the court remanded, holding that the BIA was required to "carefully review and evaluate" the petitioner's hardship claims, including hardship to his four-year old United States citizen daughter.

Conversely, we have upheld the BIA's finding of no extreme hardship to United States citizen children from deportation when the BIA has carefully and individually considered the potential hardships. In *Ramirez-Durazo v. INS*, 794 F.2d 491 (9th Cir.1986), we upheld a BIA decision that provided specific findings, such as that the children spoke Spanish, which might mitigate some of the hardship of being deported to a Spanish-speaking country. In *Roe v. INS*, 771 F.2d 1328, 1333 (9th Cir.1985), we found no abuse of discretion in the BIA's rejection of petitioner's argument that his deportation would cause extreme hardship to his United States citizen child because the "record reflect[ed] that the BIA gave serious consideration" to petitioner's claims. In *Villena v. INS*, 622 F.2d 1352, 1358 (9th Cir.1980), we upheld a BIA decision that considered a psychologist's findings that the two-year old child in that case could live as happily in the Philippines as in the United States after a transition period. In *Banks v. INS*, 594 F.2d 760, 762 (9th Cir.1979), we upheld a BIA determination of no extreme hardship to a United States citizen child when the BIA considered such individualized factors as the child's hearing problems.

When we apply these standards to the BIA's solitary sentence—"[t]hese 3 children are still very young and they should be able to adapt successfully to Mexico"—it is apparent that this cursory treatment constitutes an abuse of discretion. Although the BIA found it appropriate to consider briefly the fact that the children may suffer more hardship than when they were younger, it failed to apply the required individualized consideration.

To assert that the children are "still very young" and would suffer no hardship is an abdication of the BIA's responsibility to make individualized evaluation of the petitioner's, and his children's, circumstances.

## IV.

Two other factors to which the BIA gave cursory treatment were the ties to the

community and the ties to family in the United States. The Board's summary treatment of these factors does not discharge its duty, when it denies suspension of deportation, to "give reasons which show that it has properly considered the facts which bear on its decision." *Mejia-Carrillo v. INS*, 656 F.2d 520, 522 (9th Cir.1981).

## V.

 The Board's disposition of the petitioner's claims regarding the extreme hardship he would suffer if deported does not demonstrate the specific individualized consideration of the petitioner's circumstances that this and other courts have required. We must therefore again remand to the BIA. Because the Board's cursory and generalized consideration of the petitioner's claim has twice resulted in appeal and remand, nearly three years have now elapsed since the BIA's initial decision of April 11, 1984, denying Jara-Navarrete's application for suspension of deportation. If during this time the petitioner's circumstances have changed, so that he has additional material information to put before the BIA, he may move to reopen or reconsider pursuant to 8 CFR § 3.2. A decision to grant or deny such a motion is within the discretion of the Board. *See INS v. Rios-Pineda*, 471 U.S. 444, 105 S.Ct. 2098, 85 L.Ed.2d 452 (1985). However, as this court pointed out in *Batoon v. INS*, 791 F.2d 681, 684 (9th Cir.1986) (en banc), it is clear that the Supreme Court does not place unreasoned or arbitrary exercises of that discretion beyond judicial review.[2]

REVERSED AND REMANDED.

**2.** Jara-Navarrete also argues that remand is appropriate because de Jara and their noncitizen children, who also entered the country without inspection, may now be eligible to apply for suspension of deportation. In *Sida v. INS*, 783 F.2d 947, 950 (9th Cir.1986), we noted that *INS v. Rios-Pineda*, 471 U.S. 444, 105 S.Ct. 2098, 85 L.Ed.2d 452 (1985), "suggests that, under certain circumstances, time accrued on appeal can count toward establishing the seven years" continuous presence requirement, *Sida*, 783 F.2d at 949–50. The factual determination of whether de Jara and the noncitizen child have been

continuously present in the United States for seven years, required by 8 U.S.C. § 1254(a)(1), "is for the BIA to determine in the first instance.... The appropriate procedure would be for [de Jara and the child] to ' "follow the INS regulations" ' " in presenting their claims to the BIA. *Sida*, 783 F.2d at 950 (citing *INS v. Phinpathya*, 464 U.S. 183, 188 n. 6, 104 S.Ct. 584, 588 n. 6, 78 L.Ed.2d 401 (1984); *Alvarez-Ruiz v. INS*, 749 F.2d 1314, 1316 (9th Cir.1984)). On remand, therefore, the BIA should allow de Jara and the child to follow appropriate INS regulations in presenting their claim.