107 F.3d 16
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Martha Lorena MORENO-GUTIERREZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70615.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 11, 1996.*
Decided Dec. 13, 1996.
 
 Before: FARRIS, BEEZER and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM.**
 
 
 2
 Martha Lorena Moreno-Gutierrez seeks judicial review of the decision of the Board of Immigration Appeals (BIA) to deny her suspension of deportation under § 244(a) of the Immigration and Nationality Act, 8 U.S.C. § 1254(a), for lack of extreme hardship. We have jurisdiction under § 106 of the INA, 8 U.S.C. § 1105(a). We deny the petition for review.
 
 Background
 
 3
 Moreno-Gutierrez is a 35-year-old native and citizen of Nicaragua who entered the United States on June 6, 1985. She is single and the mother of two United States citizen children, ages seven and eight. The Immigration and Naturalization Service issued an Order to Show Cause charging that Moreno-Gutierrez was deportable because she had entered the United States without inspection. Moreno-Gutierrez conceded her deportability before an Immigration Judge (IJ), but applied for suspension of deportation. The IJ denied the application for suspension upon finding no extreme hardship, and instead granted voluntary departure. The BIA affirmed after an independent review of the record.
 
 
 4
 To qualify for suspension of deportation, an alien must show: (1) Continuous physical presence in the United States for a period of at least seven years immediately preceding the date of application; (2) Good moral character; and (3) In the opinion of the Attorney General, deportation would result in extreme hardship to the alien, or to a spouse, parent, or child who is a citizen or a permanent resident of the United States. 8 U.S.C. § 1254(a)(1). Moreno-Gutierrez bears the burden of meeting these three requirements. Ramirez-Durazo v. INS, 794 F.2d 491 (9th Cir.1986). There is no dispute that she has satisfied the first two. We therefore consider only extreme hardship.
 
 Extreme Hardship
 
 5
 We review decisions to deny applications for suspension of deportation for abuse of discretion. Tukhowinich v. INS, 64 F.3d 460, 463 (9th Cir.1995). Where the BIA conducts a de novo review of the record, we review the decision of the BIA, not the IJ. Yepes-Prado v. INS, 10 F.3d 1363, 1366-67 (9th Cir.1993).
 
 
 6
 The common results of deportation are insufficient to prove extreme hardship. Hassan v. INS, 927 F.2d 465, 468 (9th Cir.1991). Yet, while the BIA may construe extreme hardship narrowly, INS v. Wang, 450 U.S. 139, 145 (1981), the determination of hardship depends on the specific circumstances of the case. Hassan, 927 F.2d 467-68. Thus, when denying relief, the BIA must "state its reasons and show proper consideration of all factors." Id. at 467 (citation omitted).
 
 
 7
 The main support offered by Moreno-Gutierrez for a finding of extreme hardship was evidence of the economic loss she would suffer if deported to Nicaragua. As the BIA noted, however, it is well established that economic disadvantage alone does not constitute extreme hardship. Ramirez-Durazo, 794 F.2d at 498. Further, Moreno-Gutierrez has not pointed to, nor has our review of the record found, any evidence of economic hardship that the BIA failed to consider in denying her relief.
 
 
 8
 The BIA acknowledged Moreno-Gutierrez's testimony that deportation would subject her and her children to possible unemployment and loss of medical insurance. However, it noted that she had offered no documentation to support these claims. The BIA also pointed out that Moreno-Gutierrez's concerns were mitigated by: (1) Her parents and two sisters being in Nicaragua; (2) Her obtainment of an accounting degree in Nicaragua; (3) Her year of employment in that field in Nicaragua before she entered the United States; (4) Her training as a nurse's assistant; and (5) Her reported $10,000 in personal assets.
 
 
 9
 In addition, because Moreno-Gutierrez testified that she would take her children with her if forced to leave the United States, the BIA also properly considered the impact of deportation on them. It noted that their good health, ability to speak Spanish, and family support would ease their adjustment to life in Nicaragua. Thus, it found no extreme hardship. In Ramirez-Durazo, we held that similar analyses and conclusions by the BIA were within its discretion. 794 F.2d at 498. The record in this case affords no reason to stray from that holding.
 
 
 10
 Moreno-Gutierrez contends that the BIA failed to consider the impact on her children as a result of family separation caused by her deportation. We disagree. Moreno-Gutierrez first raised the argument that her children's father would not let her take the children with her if she was deported before the BIA. In considering that assertion, the BIA noted that she had testified previously that her children would go with her. Moreover, Moreno-Gutierrez did not provide the BIA with letters, affidavits or any other evidence to support her new claim.
 
 
 11
 Finally, the BIA briefly addressed the potential harm to Moreno-Gutierrez's children by their father's decision to not follow them to Nicaragua:
 
 
 12
 We note that while it is unfortunate that the children's father appears unwilling to accompany them to Nicaragua, the respondent presented no evidence to show that his absence from their daily lives would affect them traumatically.
 
 
 13
 We have been vigilant in reviewing BIA hardship decisions regarding United States citizen children, particularly when the children are forced to separate from family members. See Java-Navarrete v. INS, 813 F.2d 1340, 1342-43 (9th Cir.1986); Mejia-Carrillo v. INS, 656 F.2d 520, 522 (9th Cir.1981). However, the burden was on Moreno-Gutierrez to provide some evidence of the impact that deportation would have on her children or her children's father. See Shooshtary v. INS, 39 F.3d 1049, 1051 (9th Cir.1994). Given her failure to do so, the BIA's determination was not an abuse of discretion. Id.
 
 
 14
 We note that the IJ twice expressed regret that Moreno-Gutierrez had not presented a sufficient case for extreme hardship. After review of the record, we understand such expressions. Nonetheless, it is clear on the record before us that the BIA did not abuse its discretion in denying her application for suspension of deportation.
 
 
 15
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3