107 F.3d 15
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mauricio De Lima CORTY, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70489.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 10, 1996.*
Decided Jan. 29, 1997.
 
 Before: BROWNING, SKOPIL and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mauricio De Lima Corty petitions for review of the BIA's denial of his request for suspension of deportation. The sole issue presented is whether Corty established that deportation will cause extreme hardship to himself or to his daughter, Tracey. We conclude that the agency failed to give express consideration to all relevant factors presented and to their cumulative effect in determining whether deportation would cause extreme hardship to Tracey. Accordingly, the petition for review is granted, and the matter is remanded to the BIA for further consideration.
 
 DISCUSSION
 
 3
 An order of deportation may be suspended upon a showing by the alien of physical presence in the United States for at least seven years, good moral character, and extreme hardship to the alien, spouse, or child. 8 U.S.C. § 1254(a)(1). The IJ concluded that Corty failed to demonstrate extreme hardship. The BIA ruled that "[i]nasmuch as we find that the Immigration Judge adequately and correctly addressed the issue raised on appeal, his decision is affirmed based upon and for the reasons set forth in that decision." When the BIA does not perform an independent review of the IJ's decision and instead defers to the IJ's exercise of discretion, we must look to the IJ's decision rather than the BIA's. Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995).
 
 
 4
 The case turns on whether the IJ sufficiently articulated reasons for concluding that deportation would not result in extreme hardship to either Corty or Tracey. See Cerrillo-Perez v. INS, 809 F.2d 1419, 1422 (9th Cir.1987). The IJ noted that Corty "proved economic disadvantage and emotional hardship," but did not establish any unique disadvantages such as advanced age, severe illness, or unusual family ties that "would set him apart from most other improperly documented aliens." The IJ found that Corty was young, healthy, well-educated, speaks the native language, has family ties to Brazil, and has not demonstrated that he cannot be gainfully employed after deportation. We agree that these are sufficient reasons to justify the IJ's conclusion that Corty failed to show that his deportation would result in extreme hardship. See Hassan v. INS, 927 F.2d 465, 468 (9th Cir.1991).
 
 
 5
 We do not agree, however, that the IJ sufficiently articulated a basis for rejecting the claim of extreme hardship to Tracey. The IJ acknowledged that Tracey, then seven years old, "may encounter some dislocation and disruption by departing from the United States." He concluded, however, that "there is no adequate showing that she would be unable to adjust to new surroundings in Brazil or [that] moving there would expose her to ... oppressive social or cultural conditions, substantial deprivation, or risk to her physical or mental health."
 
 
 6
 The IJ clearly did not adequately consider the potential hardships faced by Tracey. There is, for example, no particularized discussion of Tracey's health problems, the clinical psychologist's report, economic and social conditions in Brazil, or the specific transitional changes in language, culture and education that Tracey would have to make. Moreover, we have frequently noted that special attention must be given to the unique hardships faced by school-age children. See Delmundo v. INS, 43 F.3d 436, 443 (9th Cir.1994); Casem v. INS, 8 F.3d 700, 703 (9th Cir.1993); Jara-Navarrete v. INS, 813 F.2d 1340, 1343 (9th Cir.1986). Thus, we require that the agency must have "carefully and individually considered the potential hardship" of deportation on children. Jara-Navarrete, 813 F.2d at 1343. Conclusory rejection of relevant factors constitutes an abuse of discretion. See Watkins v. INS, 63 F.3d 844, 849 (9th Cir.1995); Prapavat v. INS, 662 F.2d 561, 562-63 (9th Cir.1981). We therefore grant the petition and remand for further proceedings.
 
 
 7
 PETITION FOR REVIEW GRANTED and REMANDED.
 
 BRUNETTI, Circuit Judge, dissenting:
 
 8
 The Immigration Judge is only required to provide thorough analysis where petitioner makes an adequate showing of substantial hardship. See Hassan v. INS, 927 F.2d 465, 468 (9th Cir.1991). Here, the IJ acknowledged each of the claims raised by Corty, and found that there was no adequate showing that either he or his daughter would suffer extreme hardship if deported to Brazil. Because I agree with the Immigration Judge, I respectfully dissent.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3