113 F.3d 1242
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carlos Humberto RODRIGUEZ-SOLITO; Maria Teresa Lemus de
Solito, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70236.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 29, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, Nos. And-emr-gve, Agk-epr-dps.
 BIA
 REVIEW DENIED.
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carlos Humberto Rodriguez-Solito and Maria Teresa Lemus de Solito, natives and citizens of El Salvador, petition for review of the Board of Immigration Appeals' ("BIA") decision affirming the order of an immigration judge ("IJ") denying their applications for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act ("the Act"), 8 U.S.C. §§ 1158(a), 1253(h).[1] Solito also petitions for review of the BIA's denial of his application for suspension of deportation under section 244(a) of the Act, 8 U.S.C. § 1254(a). We have jurisdiction pursuant to 8 U.S.C. § 1105a, and we deny the petition.
 
 
 3
 I. Asylum.
 
 
 4
 Solito contends that the BIA erred by finding he neither suffered past persecution nor had a well-founded fear of future persecution due to his political beliefs. Solito's contention lacks merit.
 
 
 5
 An applicant may be entitled to asylum if he establishes he has suffered past persecution, or has a well-founded fear of future persecution, on account of political opinion. See 8 U.S.C. § 1101(a)(42)(A); Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). We review the BIA's fact-based determinations, including whether an alien has adequately demonstrated past or potential future persecution, under the substantial evidence standard. See Acewicz, 984 F.2d at 1061. Therefore, we must uphold the BIA's denial of asylum unless an applicant shows that the evidence he presented was so compelling that no reasonable fact-finder could deny asylum. See INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992).
 
 
 6
 Here, Solito testified that in August, 1987, he and his co-workers were attacked while en route to pick up milk in a truck they sometimes used to transport food, arms, clothing, and medicine, and convey information, to leftist guerrillas. Subsequently, two anonymous letters, instructing Solito to turn himself in or leave the country, were left at his house. However, Solito did not discover the identity of the attackers or the source of the letters; he could only speculate they were pro-government forces motivated by his political beliefs. Thus, Solito failed to establish past persecution. See Acewicz, 984 F.2d at 1061; see also Diaz-Escobar v. INS, 782 F.2d 1488, 1493 (9th Cir.1986) (concluding no persecution where source of threat left to speculation). Moreover, Solito presented no grounds for a well-founded fear of future persecution, especially in light of his family members' continued peaceful existence in El Salvador.[2] See Mendez-Efrain v. INS, 813 F.2d 279, 282 (9th Cir.1987). Accordingly, we affirm the BIA's denial of asylum.
 
 
 7
 Because Solito failed to meet the lower standard for asylum, we also affirm the BIA's denial of Solito's request for withholding of deportation. See Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995).
 
 
 8
 II. Suspension of Deportation.
 
 
 9
 Solito contends that the BIA erred by finding he and his United States citizen child would not suffer extreme hardship if he were deported. We disagree.[3]
 
 
 10
 To be statutorily eligible for suspension of deportation, an applicant must show he or his United States citizen spouse, parent or child, would suffer extreme hardship if he were deported. See 8 U.S.C. § 1254(a)(1); Tukhowinich v. INS, 64 F.3d 460, 462 (9th Cir.1995). The BIA may construe the term "extreme hardship" narrowly as long as it considers all relevant factors and sets forth reasons for denying relief. See Jara-Navarrete v. INS, 813 F.2d 1340, 1342 (9th Cir.1986). We review the BIA's finding of no extreme hardship for abuse of discretion. See Tukhowinich, 64 F.3d at 467.
 
 
 11
 Here, Solito testified that he would suffer extreme hardship upon deportation because of the economic disparities between the United States and El Salvador. He further claimed that his United States citizen child, whom he rarely sees, would be deprived of child support payments. However, economic disadvantage alone does not establish extreme hardship. See Ramirez-Durazo v. INS, 794 F.2d 491, 498-99 (9th Cir.1986) (finding no extreme hardship where alien and United States citizen child faced lower standard of living upon return to Mexico). Nor does the mere existence of a United States citizen child constitute extreme hardship. See id.
 
 
 12
 Moreover, other relevant factors support deportation: Solito has substantial family ties in El Salvador, his El Salvadoran wife has no legal status in the United States, the only property he owns is in El Salvador, he is fluent in Spanish, and he can corroborate only a brief period of employment in the United States. See Jara-Navarrete, 813 F.2d at 1342-43 (stating BIA must consider all relevant factors). Accordingly, the BIA did not abuse its discretion by denying Solito's application for suspension of deportation. See Tukhowinich, 64 F.3d at 467.
 
 
 13
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Petitioners' request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Ms. Solito's application for asylum and withholding of deportation is derivative of Mr. Solito's application, we will only address Solito's claims. See 8 U.S.C. § 1158(c)
 
 
 [2]
 Solito's wife lived in El Salvador for six years without incident after Solito's departure; his parents, siblings, and El Salvadoran child continue to live there without disruption
 
 
 [3]
 Since we deny the petition for review, we do not consider the applicability of sections 304 and 309(c)(5) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996. Cf. Astrero v. INS, 104 F.3d 264, 266 (9th Cir.1996) (stating that new requirements may apply retroactively to trigger cutoff dates based upon notices to appear issued prior to April 1, 1997)