141 F.3d 1179
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Daniel SANCHEZ-LAZARO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70715.
 United States Court of Appeals,
Ninth Circuit.
 Submitted December 10, 1997.**
Decided April 1, 1998.
 
 On Petition for Review of an Order of the Board of Immigration Appeals.
 Before BROWNING, PREGERSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Petitioner Daniel Sanchez-Lazaro ("Sanchez"), a twenty-eight-year-old native of Mexico, unsuccessfully sought suspension of deportation before an immigration judge ("IJ"). The Board of Immigration Appeals ("BIA") denied his application on the sole ground that Sanchez failed to show that his deportation would result in "extreme hardship" to himself and his U.S. citizen daughter. We review BIA determinations about "extreme hardship" for abuse of discretion. See Jara-Navarrete v. INS, 813 F.2d 1340, 1342 (9th Cir.1986) (citing INS v. Wang, 450 U.S. 139, 144, 101 S.Ct. 1027, 67 L.Ed.2d 123 (1981)).
 
 
 3
 The BIA abused its discretion because it did not fully consider the potential separation of Sanchez's U.S. citizen daughter, Carla, from her mother as a relevant hardship factor.[1] The BIA concluded that Carla's potential separation from her mother "is a matter of parental choice, not a consequence of [her father's] deportation." When the BIA "attribute[s] the hardship posed by family separation to
 
 
 4
 The BIA's error in the present case is not harmless. In this case, only one parent of an American-born child faces deportation. The other parent has been "tacitly permitted to remain in the United States," as the BIA dissent notes. Moreover, the record indicates and the BIA found that Sanchez believed that if he were deported he would have no choice but to take Carla with him to Mexico because Carla's mother by herself would be unable to support and care for Carla. Thus, Sanchez established that if he were deported, he intended to separate Carla from her mother. See Salcido-Salcido v. INS, No. 96-70683, --- F.3d ---- (1998) (attributing hardship of family separation to parental choice rather than deportation was not harmless error where parents demonstrated intent to separate). Accordingly, the BIA abused its discretion by attributing Carla's hardship to "parental choice" instead of Sanchez's deportation.
 
 
 5
 "In failing to consider the factor of separation, the BIA 'overlooked or evaded an inquiry necessary to a reasoned decision.' " Cerillo-Perez, 809 F.2d at 1426 (citing Trailways, Inc. v. ICC, 673 F.2d 514, 525 (D.C.Cir.1982)). The Board's failure to adequately consider this factor is especially troublesome because the BIA acknowledges that this is a "close case" because of Sanchez's "achievements in the time he has been in this country [and] the difficulties that he and his daughter might experience if they relocate from San Diego to Mexico." Therefore, we reverse the Board's order and remand for further proceedings consistent with this memorandum disposition.
 
 
 6
 REVERSED AND REMANDED.
 
 
 
 **
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App. 34(a); Ninth Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Carla's mother is a Mexican citizen who is in the United States without legal immigration status. She does not currently face deportation