**Peter Martin ZUMEL; Gemma Theresa Zumel, Petitioners,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 03–73630.

Agency Nos. A76–611–080, A76–611–081.

United States Court of Appeals, Ninth Circuit.

Submitted March 23, 2005.\*\*

Decided April 4, 2005.

Nancy E. Miller, Elsie V. Hui, Robert L. Reeves & Associates, Pasadena, CA, for Petitioners.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Laguna Niguel, CA, CAC-District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Emily A. Radford, U.S. Department of Justice, Shahira M. Tadross, Office of Immigration Litigation, Washington, DC, for Respondent.

Before B. FLETCHER, TROTT, and PAEZ, Circuit Judges.

## MEMORANDUM***

Peter and Gemma Zumel, married natives and citizens of the Philippines, petition for review of the Board of Immigration Appeals' ("BIA") denial of their motion to reconsider the BIA's denial of a motion to remand cancellation of removal proceedings, for the purpose of presenting new information regarding the health of their elder United States citizen son. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for abuse of discretion, see *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002), we grant the petition for review and remand for further proceedings.

The BIA abused its discretion in concluding that the Zumels' motion to reconsider did not identify "any ... error in our previous analysis that would move us to reconsider our decision." 8 C.F.R. § 1003.2(b)(1) requires that "[a] motion to reconsider ... specify[ ] the errors of fact or law in the prior Board decision." The Zumels' motion to reconsider contended that the BIA "failed to adequately consider all the evidence with respect to [Sean's

neurofibromatosis]." We agree. The Board's statement that "there is nothing in the record to suggest that ... comparable medical care would not be available in the Philippines" ignores the absence of any Philippine clinics on the National Neurofibromatosis Foundation's list of "International Clinical Care Centers." Nor did the BIA address Sean's physician's opinion that removing Sean from his "medical community, which is familiar with [his] chronic diseases and has the technological capabilities to deal with potential complications, could have significant harmful consequences."

Moreover, the BIA's reference to a publication—written by a doctor at one of the *United States'* preeminent pediatric hospitals—stating that "most individuals with NF1 live long and generally healthy lives" does not demonstrate that the BIA assessed the copious medical evidence submitted by the Zumels.[1] See *Ubau–Marenco v. INS*, 67 F.3d 750, 760 (9th Cir.1995) ("[T]he BIA's cursory treatment of the newly submitted evidence is inadequate."). Aside from the BIA's lack of analysis concerning general risks of neurofibromatosis, the BIA also did not explicitly consider pertinent individualized factors, including Dr. Hu's description of Sean's "cutaneous and ocular manifestations" of the disease and Sean's social worker's assessment that he is "fragile, insecure, hyper-emotional, and worries easily" and "would suffer extreme emotional distress and hardship if ... forced to relocate."

The BIA's denial of the Zumels' motion to reconsider was therefore an abuse of discretion. See *Jara–Navarrete v. INS*, 813 F.2d 1340, 1342 (9th Cir.1986) ("In reviewing BIA decisions involving hard-

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Indeed, the next sentence of this source qualifies the preceding generalization: "Yet it must be recognized that some complications of neurofibromatosis can be life-threatening."

ship to United States citizen children, generalized rather than individualized consideration, and cursory treatment of individual circumstances, constitute an abuse of discretion.").

In its prior decision denying the Zumels' motion to remand, the BIA stated that they had not demonstrated "that the qualifying relative will suffer exceptional and extremely unusual hardship."[2] Yet, for reopening or remand a "movant ... need only establish a prima facie case for relief, and need not conclusively establish that he warrants relief." *Ordonez v. INS,* 345 F.3d 777, 785 (9th Cir.2003); *see also Ramirez–Alejandre v. Ashcroft,* 320 F.3d 858, 874 (9th Cir.2003) (en banc) ("Under BIA procedure, a motion to remand must meet all the requirements of a motion to reopen and the two are treated the same."). Prima facie eligibility for relief is established "where the evidence reveals a reasonable likelihood that the statutory requirements for relief have been satisfied." *Ordonez,* 345 F.3d at 785 (quoting *In re S–V–,* 2000 WL 562836, 22 I. & N. Dec. 1306 (BIA 2000) (en banc)). We grant the petition for review and remand for the BIA to reassess the Zumels' motion to remand to consider the evidence under the correct standards.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

2. We note that the BIA misread the record by stating in this order that "the children have learned to speak ... Tagalog."

