NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 23 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NANCY TORRES BARILLAS; ANTHONY JEFFERSON TORRES BARILLAS; SULI MARUBENI TORRES BARILLAS,<br><br>Petitioners,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 23-509<br><br>Agency Nos.<br>A209-421-057<br>A209-421-058<br>A209-421-059<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 26, 2024
Seattle, Washington

Before: WARDLAW and MILLER, Circuit Judges, and CORLEY, District Judge.[**]
Dissent by Judge MILLER, Circuit Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Jacqueline Scott Corley, United States District Judge for the Northern District of California, sitting by designation.

Nancy Torres Barillas ("Torres"), a native and citizen of Guatemala, petitions for review (together with her children, Anthony Jefferson Torres Barillas and Suli Marubeni Torres Barillas) of a decision of the Board of Immigration Appeals (the "Board") dismissing Torres's appeal and denying her motion for administrative closure.[1]  We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition.

We review denials of administrative closure for abuse of discretion.  *See Marquez-Reyes v. Garland*, 36 F.4th 1195, 1208–09 (9th Cir. 2022).  The Board has established a non-exhaustive list of factors to be considered when an immigration judge evaluates a request for administrative closure.  *See Matter of Avetisyan*, 25 I. & N. Dec. 688, 696 (B.I.A. 2012), *overruled by Matter of Castro-Tum*, 27 I. & N. Dec. 271 (A.G. 2018), *overruled by Matter of Cruz-Valdez*, 28 I. & N. Dec. 326 (A.G. 2021); *see also Matter of W-Y-U-*, 27 I. & N. Dec. 17 (BIA 2017).  "Whether the BIA has applied the correct standard of review is a question of law" we review de novo.  *Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012).

In *Matter of W-Y-U-*, the Board held that "the primary consideration for an Immigration Judge in determining whether to administratively close or recalendar

---

[1] Before this court, Torres seeks review only of the denial of her motion for administrative closure.

proceedings is whether the party opposing administrative closure has provided a persuasive reason for the case to proceed and be resolved on the merits." 27 I. & N. Dec. at 20. Here, the government did not file an opposition to Torres's request for administrative closure; so, her motion for administrative closure should have been deemed "unopposed." *See* BIA Prac. Man., Ch. 5.11(b) (2024) ("A motion will be deemed unopposed unless the opposing party responds within 13 days from the date of service of the motion."); *Barroso v. Gonzales*, 429 F.3d 1195, 1203 n.15 (9th Cir. 2005) (noting the "BIA Practice Manual" is 'the BIA's official guidance on filing procedures and requirements," and applying its requirements to filings). The Board erred by failing to recognize that the motion, under its own rules, was not opposed. And because the government did not oppose Torres's motion, no party provided any "persuasive reason for the case to proceed and be resolved on the merits." *Matter of W-Y-U-*, 27 I. & N. Dec. at 20.

The Board "note[d] that DHS has neither joined nor responded to the respondents' motion" to administratively close proceedings. However, the Board did not identify the motion as unopposed, nor did it explain how the government's non-opposition impacted the Board's analysis. Instead of identifying the "primary consideration" and determining whether it weighed in favor of granting Torres's motion, the Board suggested only that the government's decision not to join the motion counseled against granting the motion. *Id.* This was an abuse of

discretion.  *See Ahmed v. Holder*, 569 F.3d 1009, 1014 (9th Cir. 2009) ("[T]he BIA 'abuses its discretion when it fails to state its reasons and show proper consideration of all factors when weighing equities and denying relief,'" and a "failure to state a reasoned basis for" a "decision may constitute an abuse of discretion.") (quoting *Arrozal v. INS*, 159 F.3d 429, 432 (9th Cir. 1998)); *Jara-Navarrete v. I.N.S.*, 813 F.2d 1340, 1342 (9th Cir. 1986) (holding the Board's "superficial discussion" of a petitioner's favorable factors was an abuse of discretion).

The case is remanded to the Board for reconsideration of Torres's request for administrative closure.

**PETITION GRANTED.  REMANDED FOR FURTHER PROCEEDINGS.**

*Torres Barillas v. Garland*, No. 23-509
MILLER, Circuit Judge, dissenting:

When a party requests administrative closure, an immigration judge must consider the factors prescribed in *Matter of Avetisyan*, 25 I. & N. Dec. 688, 696 (B.I.A. 2012). Here, the Board cited *Avetisyan* and correctly applied the factors. Our review of its decision is limited to assessing whether the Board abused its discretion. *Marquez-Reyes v. Garland*, 36 F.4th 1195, 1208–09 (9th Cir. 2022). It did not.

The first *Avetisyan* factor is "the reason administrative closure is sought." 25 I. & N. Dec. at 696. The Board noted that Torres Barillas sought closure based on her "potential eligibility for relief from removal" based on a future relative-visa petition filed by her minor children. The second factor is "the basis for any opposition to administrative closure." *Id.* The Board noted "that DHS has neither joined nor responded to the . . . motion." The third factor is "the likelihood the respondent will succeed on any petition, application, or other action he or she is pursuing outside of removal proceedings," and the sixth is "the ultimate outcome of removal proceedings (for example, termination of the proceedings or entry of a removal order) when the case is recalendared before the Immigration Judge or the appeal is reinstated before the Board." *Id.* The Board addressed both factors by finding that Torres Barillas's potential eligibility for relief, which would manifest, if at all, years in the future, was "speculative at this time." The fourth factor is "the

1

anticipated duration of the closure." *Id.* The Board gave that factor particular weight, emphasizing that the requested closure would be "for a protracted and indefinite period of time." The fifth factor is "the responsibility of either party, if any, in contributing to any current or anticipated delay." *Id.* The Board did not address that factor, but it appears to have no relevance here, and the court does not argue that the Board erred by not discussing it.

Instead, the court relies on *Matter of W-Y-U-*, in which the Board explained that "the primary consideration for an Immigration Judge in determining whether to administratively close or recalendar proceedings is whether the party opposing administrative closure has provided a persuasive reason for the case to proceed and be resolved on the merits." 27 I. & N. Dec. 17, 20 (B.I.A. 2017). The court assigns dispositive weight to *W-Y-U-* even though Torres Barillas barely mentioned the decision and did not argue that the Board had misapplied it. Indeed, although the court faults the Board for failing to single out the factor mentioned in *W-Y-U-*, Torres Barillas devoted much of her brief to arguing that the Board must consider "all relevant factors" and "the totality of the circumstances." (emphasis and internal quotation marks omitted).

In any event, *W-Y-U-* did not collapse *Avetisyan* into a single-factor test or suggest that other factors cannot overcome the factor on which it focused. And the Board (which cited *W-Y-U-* twice) did not overlook the factor that *W-Y-U-*

2

emphasized. To the contrary, it expressly acknowledged "that DHS has neither joined nor responded to the . . . motion" for closure. The court criticizes the Board for allegedly "failing to recognize that the motion, under its own rules, was not opposed," but the Board's statement that DHS had not "responded" to the motion makes clear that the Board did not think the motion was opposed. Nothing in the cited guidance documents requires the Board to utter the magic word "unopposed" to prove that it understands that no opposition has been filed.

The court suggests that "the Board did not explain how [DHS's] non-opposition impacted its analysis," but that is precisely what the Board did by discussing all of the *Avetisyan* factors together and weighing DHS's non-opposition against the other factors. Perhaps the Board could have said even more, but "[i]n the absence of some contrary indication in the Board's opinion, we do not presume that the Board has disregarded the law." *Hernandez v. Garland*, 52 F.4th 757, 773 (9th Cir. 2022). "The agency need not engage in a lengthy discussion of every contention," *id.* at 768, but need only "consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted," *id.* (quoting *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010)). Because the Board did so here, I would deny the petition for review.

3