NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 11 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DARIO MORALES GARCIA, | No. 23-274 |
| Petitioner, | Agency No. A216-656-069 |
| v. | MEMORANDUM* |
| PAMELA J. BONDI, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 3, 2025
Pasadena, California

Before: WARDLAW, CALLAHAN, and HURWITZ, Circuit Judges.

Dario Morales Garcia ("Morales"), a native and citizen of Guatemala,

petitions for review of a decision of the Board of Immigration Appeals ("BIA")

dismissing an appeal from an order of an Immigration Judge ("IJ") denying

Morales's applications for withholding of removal, protection under the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Convention Against Torture ("CAT"), and cancellation of removal.[1] We have jurisdiction under 8 U.S.C. § 1252. We review the denials of withholding of removal and CAT relief for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We review questions of law de novo. *Coronado v. Holder*, 759 F.3d 977, 982 (9th Cir. 2014). Where, as here, the BIA affirms the IJ "and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez*, 918 F.3d at 1027–28 (citation omitted). We deny the petition for review in part and dismiss it in part.

1. Morales argues that errors in the translation of his testimony deprived him of his due process rights, and he faults the BIA for failing to address this claim. However, Morales did not adequately raise his due process claim to the BIA. *See Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024). He merely asserted in a single sentence, in a section of his brief to the BIA addressing the adverse credibility determination, that "some of his explanations were mischaracterized after translation." He therefore failed to exhaust this claim before the agency, and because the government asserts non-exhaustion, we are precluded from reviewing it. *Id.*

---

[1] Morales does not challenge the agency's denial of his application for asylum.

2. Substantial evidence supports the agency's adverse credibility determination based on a "totality of the circumstances." *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The IJ found that Morales's testimony "contained substantial inconsistencies, implausibilities, and evidence of an intent to deceive." In particular, the IJ noted Morales's current testimony about the events surrounding his presence at the scene of Bishop Gerardi's murder was inconsistent with his prior testimony in the trial of EMP officers convicted of the murder, and with eyewitness testimony at that trial. For example, he testified in the criminal trial that he was awakened and ordered to the crime scene to take photographs. The IJ therefore found his testimony in the removal proceedings that he did not follow that order implausible. In addition, when testifying in the criminal proceeding, Morales claimed that he took no photographs because he forgot the flash for his camera. By contrast, before the IJ, Morales explained he did not take photographs because an unknown person told him not to. Moreover, witnesses saw Morales at the crime scene taking photographs with a flash. Inconsistencies need not "go to the heart of the petitioner's claim" to form a basis for an adverse credibility determination, and the agency here properly considered "other record evidence that sheds light on whether there is in fact an inconsistency at all." *Shrestha v. Holder*, 590 F.3d 1034, 1043, 1044 (9th Cir. 2010) (quotation marks omitted).

3. Substantial evidence also supports the agency's denial of withholding

of removal because the record does not compel the conclusion that it is "more likely than not" that Morales would be persecuted in Guatemala on account of his proposed particular social group ("PSG") of individuals associated with the assassination of Bishop Gerardi. *Wakkary v. Holder*, 558 F.3d 1049, 1053 (9th Cir. 2009) (quoting 8 C.F.R. § 208.16(b)(2)). Assuming cognizability, the agency reasonably found that Morales's fear of harm lacked nexus to his asserted PSG because other members of the group who had been harmed or killed were not harmed as a result of their membership in the group. That Morales did not experience any harm or any threats in the four years he spent in Guatemala following the trial further supports a finding of no nexus.[2]

4.   The agency's denial of CAT relief is supported by substantial evidence. Morales has not demonstrated "that it is more likely than not that [he] will face a *particularized* and *non-speculative* risk of torture." *Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023) (citation omitted). The agency properly considered "all evidence relevant to the possibility of future torture," 8 C.F.R. § 1208.16(c)(3), and its conclusion that Morales failed to meet his burden of proof for CAT relief is supported by its factual findings: Morales resided in Guatemala for five years after Gerardi's murder without harm or threats; much of the evidence of violence in

---

[2]   Because we conclude Morales's withholding claim fails on the merits, we need not reach the question of the applicability of the serious nonpolitical crime or persecutor bars.

Guatemala was not directed individually to Morales; and the high-profile nature of the prosecution related to Bishop Gerardi's murder would incentivize the Guatemalan government to ensure Morales's safety, *see Park*, 72 F.4th at 979 (applying the substantial evidence standard to the IJ's predictive factfinding in the CAT analysis).

5.  In challenging the denial of cancellation of removal, Morales first argues the BIA failed to consider his U.S. citizen son's individual circumstances in its exceptional and extremely unusual hardship analysis. *See Jara-Navarrete v. I.N.S.*, 813 F.2d 1340, 1342 (9th Cir. 1986). But the agency specifically mentioned his son's "asthma, developmental delays, and pediatric obesity," as well as his "emotional and behavioral issues." Morales next argues the BIA "seriously mischaracterized" the record in finding no documentary evidence establishes that his son had been diagnosed with a mental health condition. But the record demonstrates only that his son has an "adjustment reaction," which is not included in the Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition. And although Morales testified that his son is receiving treatment, which was supported by the mother's affidavit, there are no medical records documenting such treatment. Finally, Morales argues that the agency's conclusion that his son does not have a "serious medical condition" is not supported by the record, but reviewing the BIA's opinion deferentially, *Wilkinson v. Garland*, 601 U.S. 209,

790–91 (2024), we find adequate support for its conclusion.[3]

**PETITION DENIED IN PART AND DISMISSED IN PART.**[4]

---

[3]    We therefore need not address the applicability of the extrajudicial killing bar.

[4]    The stay of removal (Dkt. No. 17) will dissolve upon the issuance of the mandate.

        23-274